## J. N. WILLIAMS, *v.* H. J. BIDLEMAN.

LEFFINGWELL RELIEF ACT UNCONSTITUTIONAL. The Act of February 16th, 1871, directing the issuance and payment of county warrants for the relief of James Leffingwell, (Stats. 1871, 57) is a special law regulating county business, and therefore in violation of Art. IV, Sec. 20, of the Constitution.

CONSTRUCTION OF ARTICLE IV, SECTION 20, OF THE CONSTITUTION. Under the constitutional provision against the passage of local or special laws regulating county or township business, (Art. IV, Sec. 20): *Held,* that a special act, auditing and allowing a preëxisting claim against a county, appointing the mode and manner of its payment, directing the drawing of county warrants and fixing the rate of interest they should bear, was unconstitutional.

LAWS IN REFERENCE TO COUNTY LIABILITIES. A law fixing the liability of a county is a condition precedent to the exaction of payment from the county.

LOCAL MANAGEMENT OF LOCAL AFFAIRS. The policy of the constitution is local management of local affairs, regulated by general laws of uniform application throughout the state.

APPLICATION OF STATUTE REGULATING COUNTY BUSINESS. Whether the legislature can or cannot convert a moral obligation into a legal demand against a county, or fix a salary or compensation of a county officer by special enactment, it clearly has no power by a special act to repeal the general law regulating county business, (Stats. 1864–5, 257) or dispense with its provisions in favor of a particular person, leaving it in force as to all others.

ALLOWANCE OF CLAIMS AGAINST COUNTIES. The fact that the board of commissioners of a county has no power under the general law to examine or allow any account against the county except such as is legally chargeable against it, does not authorize the passage of a special law directing the allowance and payment of an account which could not be allowed under the general law.

Williams *v.* Bidleman.

APPLICATION to the Supreme Court for a writ of mandamus requiring the defendant, as recorder and ex-officio auditor of Lander County, to issue and deliver the warrants referred to in the act copied in the opinion. The defendant, in answer to the petition, set up the unconstitutionality of the act.

*Clarke & Wells,* for Relator.

I. The act in constitutional contemplation does not " regulate county business," but simply declares that in the judgment of the legislature Lander County ought to pay Leffingwell a certain sum of money, for the payment of which there was, without this act, no authority of law, mode of payment, or means of compulsion. A general law was not only unnecessary, but would have been absolutely inapplicable, if not impracticable. The legislature is not inhibited from giving individual relief. It thought Leffingwell ought to be paid, and knew he could not be without legislative prescription of authority and mode. The constitution does not prohibit necessary special legislation, when general will not cover the case.

II. Leffingwell's claims were validated by the act, which also provided a mode of payment, which mode takes the matter out of the operation of any previous act, and repeals all former laws bearing upon the question so far as in conflict with its provisions. It was a case the necessities of which could be judged of only by the legislature.

*George S. Hupp,* for Defendant.

I. The act is in violation of Art. IV, Sec. 20, of the constitution, and therefore void. The legislature could not in disregard of the constitutional prohibition interfere with the *local* and *special business* of Lander County, and command her to draw money from her treasury, and pay it to one of her former officers, upon a state of facts of which her own commissioners had exclusive original jurisdiction.

II. There is a general law providing for the allowance and payment of claims against counties, which is of uniform application throughout all the counties of the state. The Leffingwell act un-

dertakes to repeal this law, so far as the same relates to the county of Lander. It will not be contended that there is any difference between repealing a general law already existing, so far as the same relates to a single county, and enacting a new law, which, by its express provisions, is restricted in its operation to a single county.

By the Court, GARBER, J.:

By an act of the legislature of this state, entitled "An act for the relief of James Leffingwell, Sheriff of Lander County, in the years 1865 and 1866," approved February 16th, 1871, it is enacted as follows:

"SECTION 1. The county auditor of Lander County is hereby authorized and directed, and it is made his special duty, from and after the passage of this act, to draw his warrants in favor of James Leffingwell, for the sum of three thousand five hundred dollars, on the general fund of said Lander County, which warrants shall bear a legal interest from the date of their issuance; and said warrants shall be in any sum not less than one hundred, or more than one thousand dollars.

"SEC. 2. It is hereby made the duty of the county treasurer of said county to pay said warrants on their presentation, in their regular order of payment, at the said treasurer's office, in the county of Lander, state of Nevada, in gold coin.

"SEC. 3. All acts or parts of acts that are inconsistent with or repugnant to the provisions of this act, are hereby repealed, so far as the same may relate to the county of Lander."

The plaintiff, as assignee of Leffingwell, makes this application for a *mandamus*, to compel the defendant to perform the duty thus enjoined upon him. The defendant contends that the statute is unconstitutional, as in violation of Section 20 of Article IV of the constitution of Nevada, which declares, among other things, that "the legislature shall not pass local or special laws regulating county and township business." The law in question is clearly a special law—an exception rather than a rule. This was properly conceded by counsel for plaintiff; who contend, however, that as it does not provide for the transaction of *general* county business, but

only for a special case and emergency, it is not a regulation of business within the meaning of the constitution.  But we think this statute is clearly a regulation of business.  Any law prescribing a rule to govern business, or an order or direction for its management, is a regulation of that business, whether it be a limited and temporary law intended to secure a particular end or object, or a general and permanent law, according to the provisions of which all county affairs are to be conducted.  The manifest purpose and direct consequence of this statute is to transfer to Leffingwell a portion of the county funds of Lander County.  It is further evident that the money, when so paid to him, is to be his own private property; to be held and enjoyed by him absolutely, and for his own private ends and purposes.  The act is purely retrospective in its operation; not enacted to provide a salary for services to be thereafter performed, or to make compensation for benefits thereafter to accrue; but to appropriate money, either as a gratuity or donation, or in discharge of some obligation already resting upon the county or upon the state.  Now the legislature had no power to appropriate to a creditor or to a donee of the state, money raised by a tax levied upon and collected from the taxpayers of Lander County alone.  No such tax could be legally levied or collected, except for purposes both public and of especial and peculiar interest to the inhabitants of that particular county.  The fund thus raised for and dedicated to public and county uses could not be afterwards diverted to private or state purposes.  The taxing power cannot be enlarged by such indirection.  The validity of the statute must then rest upon the assumption that it applies the funds of Lander County in liquidation of a just or equitable claim against that county.  Upon any other hypothesis it diverts such funds to a private purpose, or imposes upon one county the whole of a state burden.

Then we have a special law, auditing and allowing a preëxisting claim against a county; appointing the mode and manner of its payment; directing the drawing of county warrants and fixing the rate of interest they shall bear—appropriating county funds to county purposes.  Is not this regulating county business ?  If it is not, we cannot imagine what would be so considered, or what possible effect is to be given to the clause of the constitution in ques-

tion.   We need not determine whether the obligation of the county
to pay this money to Leffingwell was legal, or merely equitable or
moral.   In either view, the auditing and payment of his claim was
essentially and inherently county business, as pertaining to and
concerning the county peculiarly, rather than the whole state or
any other subdivision of the state.   It was county business within
the ordinary and natural meaning of the phrase, as obviously as the
examination of a claim against the state by the State Board of
Examiners, is state business.

Moreover, the legislature could not order the county to pay to
Leffingwell a claim of moral and imperfect obligation only, with-
out first, in express terms, or by necessary implication, converting
the claim into a legal demand.   In other words, a law fixing the
liability of the county is a condition precedent to the exaction of
payment from the county.

The policy of the constitution is local managment of local affairs,
regulated by general laws of uniform operation throughout the state.
The first legislature assembled under the constitution, carrying
out this policy, passed a general law regulating county business,
and especially prescribing rules for the auditing and payment of
claims against counties.   This statute was evidently intended to
control the settlement of all claims and demands payable by the
county or out of the county treasury; as well debts of moral or
honorary obligation only in their inception, but afterwards sanc-
tioned and made valid by the law-making power, as those contracted
under the authority of an existing law.

It may be that the legislature has the power to convert a moral
obligation into a legal demand against a county, or to fix the salary
or compensation of county officers, either by general or special,
prospective or retrospective enactment.   We assume that such is
the law only for the purposes of this case.   But whatever the
nature of Leffingwell's claim, it is clear that the legislature had no
power, by a special law, to repeal the general law regulating county
business, or to dispense with its provisions in his favor, leaving it in
force as to all other persons.   If, for instance, the claim was for
services rendered, the legislature could not compel the auditor to
issue these warrants by a special statute dispensing with a finding

Williams *v.* Bidleman.

that the services were in fact rendered ; that the claim exceeded the indebtedness of the claimant to the county; that his account as an officer having the collection, etc., of public funds had been passed ; that he had not neglected or refused, on proper requisition, to perform any of his official duties ; that there was money in the fund drawn upon to pay the warrant, etc., etc. A finding of these facts by the proper county officials is made, by the general statute, a prerequisite to the approval of all demands and the signing of all warrants. A compliance with the general statute, in this respect, is no less essential to the protection of the interests of the county, when the compensation for the services is fixed by law after, than when it is fixed before their rendition ; and there is as little propriety in or necessity for an assumption by the legislature of jurisdiction to investigate and determine these facts in the one case, as in the other.

Counsel for plaintiff say that " the statute validated the claim *and also* provided a mode of payment." They contend that the legislature could do this, because the claim was not for fees fixed by the Act of 1864–5, and that therefore, as the board could not allow it, the general statute did not apply. It is true that the general statute only gives the board power and jurisdiction to examine and allow accounts legally chargeable against the county. But this only proves that until, by constitutional enactment, the claim was made legally chargeable against the county, the board could not allow it; not that, when so legalized, it could be paid without being audited and allowed like any other valid claim.

We conclude that this is a special statute, regulating business which is not only county business in its nature and quality, but which had been by the law imposed upon and committed to the county, as a duty to be by it performed through the action of its local officials. The prayer of the applicant is therefore denied.

WHITMAN, J., did not participate in the foregoing·decision.