[No. 20681.  In Bank. — September 12, 1890.]

## EX PARTE JAMES REILLY, ON HABEAS CORPUS.

CONSTITUTIONAL LAW — CHARTER OF LOS ANGELES — POLICE COURT. — The provisions of the charter of Los Angeles creating a police court are unconstitutional and void.  (*People* v. *Toal, ante,* p. 333, affirmed.)

ID. — CRIMINAL LAW — BATTERY — JURISDICTION OF JUSTICE'S COURT — ERRONEOUS STYLE OF OFFICE. — The grant of exclusive jurisdiction to the police court of the city of Los Angeles over the offense of battery, being void, cannot displace the jurisdiction of a justice's court in said city over that offense; and a judgment of conviction thereof by a justice of the peace of that city is not rendered invalid by the fact that the justice erroneously styled himself *ex officio* police judge of Los Angeles, thereby claiming to exercise authority under the Whitney act.

ID. — WHITNEY ACT — POLICE JUDGE EX OFFICIO. — It seems that the Whitney act does not apply to the city of Los Angeles, and that the mayor of that city is not authorized to designate a justice of the peace as police judge *ex officio*.

APPLICATION to the Supreme Court for a writ of *habeas corpus.*   The facts are stated in the opinion of the court.

*Frederick Stanford,* for Petitioner.

*M. T. Owens,* for Respondent.

BEATTY, C. J. — Petitioner was arrested, tried, and convicted upon a charge of battery alleged to have been committed in the city of Los Angeles.  The trial took place before a justice of the peace who styles himself *ex officio* police judge of the city of Los Angeles, and who appears to have been acting as such police judge by designation of the mayor, in pursuance of the so-called Whitney act, which it was intimated in the first decision in *People* v. *Toal,* 23 Pac. Rep. 203, applied to the city of Los Angeles.  The claim of petitioner is, that his imprisonment is illegal, because, under the freeholders' charter of Los Angeles the police court thereby created had exclusive jurisdiction of the offense with which he was charged, and consequently that Lockwood, a justice of the peace, designated under the Whitney act, had no jurisdiction.  The final decision in the Toal case (filed

August 4th, *ante*, p. 333) disposes of this contention.  It is there held that the charter provisions concerning the police court are void; that such court had no jurisdiction in any case, and necessarily no exclusive jurisdiction.

It is conceded that Lockwood was a justice of the peace. As such, he had jurisdiction of the offense of battery, and his judgment in this case is none the less valid because he styled himself *ex officio* police judge of Los Angeles, thereby claiming to exercise his authority under the Whitney act.  Conceding that the Whitney act does not apply to Los Angeles,— and it seems it does not,— the justice of the peace had authority to act, and his judgment is valid.

Writ discharged and prisoner remanded.

Fox, J., WORKS, J., PATERSON, J., THORNTON, J., and SHARPSTEIN, J., concurred.