[Crim. No. 321.   In Bank.—July 16, 1897.]

EX PARTE L. GIAMBONINI ON HABEAS CORPUS.

POLICE COURT OF STOCKTON — ACT CREATING IT UNCONSTITUTIONAL—IMPROPER CLASSIFICATION.—The act of 1891, p. 433, assuming to create police courts in cities having fifteen thousand, and under eighteen thousand, inhabitants, does not conform to the provisions of the act of 1883 classifying municipal corporations by population, and is not amendatory thereof, but is unconstitutional and void, as being an attempt to force special and arbitrary legislation upon a city, without regard to the general classification of cities for purposes of legislation.

ID. — ILLEGAL COURT — VOID CONVICTION CORAM NON JUDICE — HABEAS CORPUS.—The police court of Stockton has no legal existence, and no jurisdiction to render any judgment; and the conviction of an offender therein, though had under the forms of law, is *coram non judice* and void, and a defendant convicted therein must be discharged upon *habeas corpus.*

ID. — JUSTICE OF THE PEACE ACTING AS POLICE JUDGE — JURISDICTION— VOID JUDGMENT—CASE OVERRULED.—The fact that the acting judge of the illegal police court of Stockton was also a justice of the peace, having jurisdiction to try the same offense in the justices' court, upon a charge thereof against the same defendant, cannot affect the invalidity of a conviction had before him while assuming to act wholly and solely as police judge presiding in the police court, and not as justice of the peace in the justice's court, it being essential to the validity of a judgment that the court which renders it should have jurisdiction, and, in such case, the designation of the court as a police court, and of the justice as a police judge, cannot be disregarded, nor can the proceedings be regarded as having taken place in a justice's court before a justice of the peace. *Ex parte Rielly,* 85 Cal. 632, overruled on this point.

ID. — JURISDICTION OF JUSTICE OF THE PEACE — JUDGMENT IN ANOTHER FORUM.—A justice of the peace can only try a defendant in the justice's court, and no validity can attach to his judgment, rendered in another forum.

HABEAS CORPUS in the Supreme Court to Thomas Cunningham, city jailer of the city of Stockton, to test the validity of the conviction of L. Giambonini in the Police Court of the city of Stockton. C. P. RENDON, Judge.

The facts are stated in the opinion of the court.

*Woods & Lezinsky*, for Petitioner.

*Ed. R. Thompson, City Attorney*, for Respondent.

HENSHAW, J.—Petitioner ·was convicted in the police court of the city of Stockton of the crime of selling intoxicating liquors to a minor under the age of eighteen years. He was sentenced to pay a fine of one hundred dollars, and in default of payment to be imprisoned for one hundred days in the city jail. C. P. Rendon, who acted as judge of the police court, was at all times a justice of the peace of the city of Stockton.

Petitioner contends that the judgment against him is void because the police court of the city of Stockton has no legal existence. Against this it is insisted that Rendon, as justice of the peace, had jurisdiction of the offense and of the person of the offender, and the proceedings will be regarded as having taken place in the justice court before a justice of the peace, and the designation of the court as a police court, and of the justice as police judge, will be held nonessential errors.

The law for the creation of the police court of the city of Stockton is found in the statutes of 1891, at page 433. It is entitled "An act to provide for police courts in cities having fifteen thousand and under eighteen thousand inhabitants." This law does not conform to the provisions of the act of 1883 classifying municipal corporations by population as the constitution commands (Stats. 1883, p. 24), nor yet is it an act amendatory of the earlier statute. It expresses just such another legislative effort as that considered in *Darcy* v. *Mayor, etc.*, 104 Cal. 642. It is an attempt to force special and arbi-

trary legislation upon a city or cities, without regard to their general classification, for purposes of legislation set forth in the classification act of 1883. This, for the reasons declared in *Darcy* v. *Mayor, etc., supra,* the legislature may not do. It follows, therefore, that the law attempting to create the police court of the city of Stockton is unconstitutional.

It results, then, that while this petitioner was tried and convicted under the *forms* of law, the proceedings were *coram non judice* and void, for they were had in a pretended court possessing no legal existence. It is not the case of a *de facto* officer filling a legally existing office. The police court here had no legal existence. And while it is true that in some states such an office is recognized as valid and existing until under direct proceedings the act creating it has been declared unconstitutional, such a doctrine, as pointed out in *Buck* v. *City of Eureka,* 109 Cal. 504, is opposed to the great weight of reason and authority, and is in direct opposition to the oft expressed views of this court. (*People* v. *Toal,* 85 Cal. 333.)

Nor do we think the conclusion thus necessitated can be in any way modified by the consideration that the acting judge of the police court would have had jurisdiction as justice of the peace. In truth he acted, and purported to act, as a judicial officer occupying the bench of an unconstitutional, and therefore nonexisting, court. All the processes issued from the police court; the pretended trial was held at a session of that court; the judgment was entered by the so-called judge of the police court upon the records of that court.

One may not be deprived of liberty or property under our constitution by an observance merely of the forms of law. The substantive facts of a legal tribunal and of legal process to bring a party before that tribunal must exist, otherwise the judgment, if sought to be enforced, works an unlawful invasion of his constitutional rights. Of the essentials to jurisdiction, the first is a court having legal cognizance of the question in con-

troversy.   A court is a place where justice is legally administered.   This first essential of a legal court being lacking, the defendant has had no trial under the laws of the land.

For the same reason it cannot be said that the judgment may be upheld because the judicial officer had jurisdiction of the offense and offender as justice of the peace.   A *de jure* judge of a legally constituted court can only exercise his jurisdiction in the manner prescribed by law.   As is said by the supreme court of the United States in *Windsor* v. *McVeigh*, 93 U. S. 282: "Though the court may possess jurisdiction of a cause, of the subject matter, and of the parties, it is still limited in its mode of procedure and in the extent and character of its judgment.   It must act judicially in all things, and cannot then transcend the power conferred by law."   The justice of the peace could only have tried defendant in his justice court, and no validity could attach to his judgments rendered in any other forum.   He might as well have tried him by drumhead court martial as to have rendered judgment in an illegal police court.   It is essential to the validity of a judgment that *the court which renders it* shall have jurisdiction.   (*Anthony* v. *Kasey*, 83 Va. 338; 5 Am. St. Rep. 277.)   The court which rendered this judgment, being an unconstitutional tribunal, had no jurisdiction whatever.

The case of *Ex parte Reilly*, 85 Cal. 632, has not been overlooked.   The views here expressed may be found at variance with those of the earlier case, but we think the sounder construction of the law is that here given.

It follows that the petitioner should be discharged, and it is ordered accordingly.

Harrison, J., Temple, J., McFarland, J., and Garoutte, J., concurred.

Beatty, C. J., dissenting.—I dissent.   I consider the decision in *Ex parte Reilly* a correct statement of the law.