**MIN–A–MAX CO., Inc., v. SUNDHOLM.**

No. 437.

District Court, N. D. Iowa, W. D.

May 3, 1938.

Albin C. Ahlberg and Elwood Hansmann, both of Chicago, Ill., and Henry C. Shull, of Sioux City, Iowa, for plaintiff.

Leonard L. Kalish, of Philadelphia, Pa., and T. E. Diamond, of Sheldon, Iowa, for defendant.

SCOTT, District Judge.

A suit in equity by the Min-A-Max Co., Inc., a Minnesota corporation, against Edwin Sundholm, a citizen of Iowa, to enjoin alleged contributory infringement of Boker patent No. 1,802,700, issued April 28th, 1931, to plaintiff as assignee of Boker, whose application was filed September 9th, 1929.

The patent in suit relates to a combination of lubricating elements comprising an entire device, intended to be used for forcing grease under high pressure to journals, bearings and other parts of automobiles, and contains a single claim as follows:

"The combination of a grease-receiving nipple having a nozzle-receiving aperture therein not materially more than one-sixteenth of an inch in diameter, of a grease delivery nozzle, having a substantially uniformly tapered conical tip and also having a nozzle aperture axially through said tip, the latter being so tapered as to approach adjacent its end the diameter of said nozzle aperture, and to be operatively wedged within the nozzle-receiving aperture, whereby the tip may be held within the nozzle-receiving aperture by manual pressure under grease injecting pressures of approximately 8000 lbs. per square inch without leakage around the nozzle-receiving aperture."

The combined device, aside from the grease gun or other reservoir and pressure producing appliance, consists of two general elements, viz., a grease-receiving nipple or fixture attached to the part of the automobile to be lubricated, and a grease-delivering nozzle connected to a grease hose, detachable and engageable with the nipple manually at will in the grease or lubricant delivery action. The combination of the two elements specified contemplate and require for efficiency of function, circular apertures or ducts of a diameter sufficiently reduced to permit manual engagement and detachment at will in lubricant delivery action under a desired high pressure.

The alleged contributory infringement consists in the manufacture and sale by defendant of two forms of nozzles having tips attached to be inserted in and to seal with the nozzle-receiving aperture of nipples or grease-receiving fixtures upon the automobiles, and described as Zerk nipples, with the knowledge, expectation and intention that they would be used to lubricate bearings equipped with Zerk nipples; plaintiff's contention being that the right to manufacture and sell such nozzle tips was secured to plaintiff and its assignees under the Boker patent.

The defendant answering first pleads defect of parties, alleging that Min-A-Max Co., Inc., had granted a substantially exclusive license to Stewart-Warner Corporation, a Virginia corporation, with reservations constituting what defendant terms mere "shop rights", that is reserving rights to manufacture and sell to a specified limited trade. I find that the license pleaded and adduced in evidence was granted to Stewart-Warner Corporation, but

construe it as being a non-exclusive license, and hold that there is no defect of parties, thus disposing of the question of practice.

Defendant further answering denies infringement; alleges the invalidity of the Boker patent (1) because drawn to an old and exhausted "combination" of grease-cup and nozzle; (2) because anticipated by the prior art or does not represent invention over the prior art; (3) because the claim of the Boker patent is based upon a function or result and not upon physical structure of device or devices; and (4) because the Boker patent is unenforceable in scope asserted or not infringed.

I consider these defenses in the order stated.

Generally speaking the two elements, nipple and nozzle, and their combination in function, were old and well known when Boker claims to have conceived his invention; and the only novel and useful features claimed for the combination are, (1) a variation of the shape and structure of the nozzle tip, bringing it to a conical form, and (2) reduction of the diameter of the circular aperture or duct through both elements, and particularly at and near the point of engagement so that the area of the circle of engagement or contact would reduce the reaction of pressure to the limit of manual control.

The antiquity of combining a lubricant-delivery nozzle of some type with a lubricant-receiving fixture upon vehicles need not be reckoned by decades, it reaches into centuries. It may be conceded, however, that with the advent of the modern motor vehicle great improvement and advance in the art almost immediately took place. Long prior, however, to Boker's alleged invention mechanical lubricating devices were in use both in this country and in other countries, and it appears that before Boker the art had very considerably narrowed in practice, so that only devices of two different characters need be considered as illustrative of the combination. First, the interlocking device or combination. In use this device or combination required temporary and quick detachable mechanical connection between the nozzle and the nipple. Gullborg patent No. 1,-307,734, and Butler patent No. 1,593,791, are illustrative of this type. As to Gullborg, see Bassick Mfg. Co. v. Hollingshead Co. and Rogers v. Alemite Corp., 298

U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251, and as to Butler, see Stewart-Warner Corp. v. Jiffy Lubricator Co., 8 Cir., 81 F.2d 786, and Lincoln Engineering Co. v. Stewart-Warner Corp., 58 S.Ct. 662, 82 L.Ed. 1008, recently decided by the Supreme Court, March 28, 1938. Second, the push-type which functioned without interlocking and by mere manual pressure of the grease-delivery nozzle into sealed contact with the grease-receiving fixture or nipple. Illustrative of this type were Zerk patent No. 1,475,980, Zerk patent No. 1,619,455, Jurad patent No. 1,673,459, Manzel patent No. 1,459,662. As to Zerk, No. 1,475,980, see Larkin Automotive Parts Co. v. Bassick Mfg. Co., 7 Cir., 19 F.2d 944. As to Manzel, No. 1,459,662, see Lyman Mfg. Co. v. Bassick Mfg. Co., 6 Cir., 18 F.2d 29, and Stewart-Warner Corp v. Rogers, and Stewart-Warner Corp. v. Universal Lubricating Systems, D.C., 15 F.Supp. 410.

The question as to whether variation of the shape and structure of the nozzle tip bringing it into conical form would inject new life into the old combination, I think is settled by Bassick Mfg. Co. v. Hollingshead Co. and Rogers v. Alemite Corp., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251. It is there held that mere improvement of a single element of an old combination will not revive that combination. As to whether reduction of the diameter of the circular aperture or duct, so that the area of the circle of engagement or contact would reduce reaction of pressure to the limit of manual control would involve invention, there has been called to my attention no direct controlling authority. I think, however, it is a fundamental law of physics—and a matter of common knowledge of which courts take judicial notice—that action and reaction equalize. That assuming a given unit of force or pressure confined within a circular duct—such as a given number of pounds per square inch—action and reaction increase and diminish as the area of the circle.

This natural truth was recognized by Boker in his specification as follows: "It is, of course, a fact that the pressure tending to separate the nozzle from the nipple under the grease-delivery pressure and which pressure must be overcome by the hand pressure, is found by multiplying the area in square inches of the contact circle or line of engagement between the nozzle and nipple by the pressure per square inch

on the grease or lubricating material." Notwithstanding the apparent admission in the foregoing language, Boker further on in his specification says: "It is thought to be obvious, and in fact has been found to be impossible or impracticable by hand pressure which should simply be pressure from one hand delivered on the nozzle, to overcome any such back pressure on the nozzle. I have found, however, that this serious defect in hitherto used nozzle and nipple structures may be overcome by reducing the area of circle or line of contact between the nipple and nozzle to one-sixteenth of an inch or to substantially that dimension or less." Notwithstanding, however, Boker's statement in the specification, the prior art as shown by Zerk, 1,-619,455, recognizes the very truth and principle which Boker claims to "have found". Zerk in his specification says: "Another object of my invention is to provide a nipple adapted to receive lubricant under relatively high pressures, the inlet opening of the nipple presented to the charging device being much smaller than those of nipples now commonly in use." Zerk then recognized the use of a diameter of one-sixteenth of an inch, the exact diameter adapted by Boker years later. I am constrained to the conclusion even without direct authority, that the obvious resort to a reduction of the area of the circle of sealing contact to reduce back pressure was not at the time Boker claims to have found that effect, open to inventive discovery, nor was the right to utilize the same subject to appropriation through the instrumentality of letters patent.

The conclusion I have just reached, I think disposes of defenses Nos. 1 and 2 heretofore enumerated. I think the combination of nozzle and nipple described in the claim of the patent in suit was so far involved in the various patents hereinbefore mentioned as to deprive it of novelty at the time Boker claims to have conceived this combination.

Consideration of defenses Nos. 3 and 4, brings the mind more particularly to the nozzle tips made and vended by both plaintiff and defendant. Defense No. 3, that the Boker claim is based upon a function and not upon physical structure, if considered as going to the validity of the claim as evidencing patentability of the structure per se, might be doubtful if one were to assume it had novelty. This, however, becomes merely academic when we consider that plaintiff has not obtained a patent upon any structure or improvement, but only upon a combination. Defense No. 4, that the Boker patent is unenforceable in scope asserted or not infringed, goes to the particular variation in form of the Sundholm nozzle which distinguishes it from the true cone, which defendant claims Boker described in the claim of his patent. I think this has little bearing upon the validity or invalidity of the combination. If the claim of plaintiff's patent described a valid combination, I do not think infringement could be avoided by slightly departing from a true cone and making the tip slightly spheroid. I think the recent decisions of the Supreme Court in the cases of Bassick Mfg. Co. v. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251, and Lincoln Engineering Co. v. Stewart-Warner Corp., 58 S.Ct. 662, 82 L.Ed. 1008, are conclusive upon the invalidity of the Boker patent, and that plaintiff's bill should be dismissed and relief denied.