**MIN-A-MAX CO., Inc., v. SUNDHOLM.**

No. 11296.

Circuit Court of Appeals, Eighth Circuit.

Feb. 24, 1939.

Rehearing Denied March 16, 1939.

Elwood Hansmann, of Chicago, Ill. (Albin C. Ahlberg and Williams, Bradbury, McCaleb & Hinkle, all of Chicago, Ill., and H. C. Shull, of Sioux City, Iowa, on the brief), for appellant.

Leonard L. Kalish, of Philadelphia, Pa. (Diamond & Jory, of Sheldon, Iowa, on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is to reverse a decree rendered in a suit to enjoin contributory infringement of Boker patent No. 1802700 issued April 28, 1931. It appears that there are millions of automobiles in use equipped with grease cups having apertures about 1/16 of an inch in diameter through which lubricants must continually be forced to various parts. That is universally done with grease pumps whose nozzles contact the grease cups during the lubricating. In the Boker patent the nozzle is brought to a point sharp enough to be stuck into the hole in the grease cup and held there in contact under the necessary pressure. The single claim of the patent is for the combination of the pointed nozzle and all the grease cups that have 1/16 inch openings.

Prior to the trial of this case the same combination patent had been held valid and contributory infringement thereof was found in two other suits, one brought in the Northern District of New York (Equity No. 2893) and the other in the Southern District of California (Equity No. 842-Y). In the case at bar the District Court for the Northern District of

---

Iowa found the patent invalid and dismissed the bill. In addition to making elaborate findings in each of the cases, the district judges filed their respective painstaking and learned opinions discussing the questions involved and giving reasons and authority for decision.

We think that the opinion of Judge Scott which accompanies his decree adjudging the Boker patent invalid fully presents all questions in the case that merit discussion and disposes of them upon considerations and precedents which we deem conclusive. As the opinion has been reported, Min-A-Max Co., Inc. v. Sundholm, 24 F.Supp. 89, and our views are in accord with it, we refer to it to save repetitions in this fourth opinion on the patent.

The labors imposed upon the judges in this field of patents on devices to contact grease pumps with grease cups during lubrication have passed the bounds of reason. We are told in the brief that not less than four hundred separate "Bassick" and "Alemite" patent suits have been prosecuted and there are others. The nozzles through which the lubricant is forced from grease pumps into standard grease cup equipment either fit over and fasten to the grease cups or are manually held thrust into them or against them. It seems likely that many of the thousands of handy mechanics in these United States could readily make suitable nozzles for the purpose. Serious doubts arise whether they have not been deterred by the vast multiplication of law suits rather than anticipated by real inventive genius. Conceding invention in the patent to Gullborg, No. 1307734 (Bassick Mfg. Co. v. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251), the evidence of it in the numerous other nozzles upon which broad claims have been predicated is unconvincing. Our study of Butler (Stewart-Warner Corp. v. Jiffy Lubricator Co., 8 Cir., 81 F.2d 786), which was one of the nozzle devices to clamp on the outside of the grease cup convinced that grossly exaggerated claims were based on it.

We think it clear that there was no invention in Boker's merely bringing his nozzle to a point fine enough to let it be stuck into the hole in the grease cups. His claim for a patent on the combination of nozzle and grease cup accentuates the lack of validity in his patent as demonstrated by the decisions of the Supreme Court in Bassick Mfg. Co. v. Hollingshead Co., and Rogers v. Alemite Corp., 298 U. S. 415, 56 S.Ct. 787, 80 L.Ed. 1251, relied on by Judge Scott in his opinion. The extended argument of counsel upon those two opinions has not persuaded that their effect should be narrowed to sustain this patent. On the contrary, it is apparent that the millions of grease cups having 1/16 inch apertures are as well adapted to having nozzles thrust into them as to having nozzles fastened over them. Even if Boker should invent a new nozzle, such invention would not justify a combination patent on the nozzle and standard grease cups. The inventor of a new scrubbing brush acquires no right to a combination of the brush, manual force and ordinary kitchen floors. Nor are we impressed with the contentions made upon that part of the claim which adds the element of function following the word "whereby". The gist of that clause is that it takes little force to maintain the contact because the nozzle point is sharp. That is obviously true, but patent claims are not allowable in terms of function. The lack of absolute dividing line between mechanical improvement and invention affords occasion for extended arguments such as able counsel have made in this case. But we question at the end whether there is really anything more to the claimed combination here than a pointed nozzle, manual force and old grease cups with 1/16 inch holes in them. The claim for such combination is invalid.

Affirmed.