# THE STATE OF NEVADA, on the Relation of ALAN BIBLE, Attorney General of Said State, Relator, v. CLEM MALONE, Respondent.

No. 3646

January 15, 1951.     226 P.2d 277.

*W. T. Mathews,* Attorney General, *George P. Annand, Robert L. McDonald,* and *Thomas A. Foley,* Deputy Attorneys General for Relator.

*Edwin J. Dotson* and *George E. Franklin, Jr.,* both of Las Vegas, for Respondent.

# OPINION

## ON DEMURRER TO COMPLAINT

By the Court, BADT, C. J.:

The attorney general, on his own relation, brought an action in this court in the name of the state against respondent, alleging that the latter is usurping the office of county commissioner of Clark County, Nevada, purporting to have been elected thereto in 1948 pursuant to "An act to establish commissioner districts in the county of Clark, and providing for the election therefrom of members of the board of county commissioners." Nevada Stats.1915, p. 146, chap. 125, as amended 1923, p. 251, chap. 141, and 1925, p. 139, chap. 103. The act purported to divide Clark County into commissioner districts and to require the election of one qualified elector and resident of district No. 1 to represent that district, and two from district No. 2 to represent that district, and that in the event of a vacancy a successor shall be appointed from the residents and electors of said district. The complaint alleges that such act is in contravention of section 20 of article IV of the state constitution (prohibiting local or special laws regulating county business and the election of county officers), section 21 (requiring all laws to be general and of uniform operation throughout the state in all cases where a general law can be made applicable), section 25 (requiring the legislature to establish a system of county government which shall be uniform throughout the state), and section 26 (requiring the legislature to provide by law for the election of a board of county commissioners in each county). The complaint alleges that the county clerk, acting under the advice of the district attorney of Clark County, conducted an election for the office in

question (respondent's election "to the purported office of County Commissioner, four-year term, District No. 2" having purported to be for a term expiring the first Monday in January, 1953), under the general laws of this state, at which election one Harvey E. McDonald was elected and furnished with his certificate of election dated November 14, 1950 for the term commencing the first Monday in January, 1951, but that respondent refuses to vacate the office. Relator further alleges that Clark County was never divided into commissioner districts in the manner provided by the general statute providing for such division, N.C.L., sec. 1964, and that commissioners of Clark County may be lawfully elected at large only, as provided by our general statute, N.C.L., sec. 1935 et seq. Relator prays that respondent be ousted from office as such county commissioner, and that Harvey E. McDonald be declared to be the legal holder of the office.

No briefs were filed in this court by either party, but at the oral argument respondent conceded that the special act in question was unconstitutional under the holding of this court in McDonald v. Beemer, 67 Nev. 419, 220 P.2d 217. He insists however, in support of his demurrer, that the complaint is defective in the nonjoinder of McDonald, that it does not state facts sufficient to constitute a cause of action, and that it is uncertain in its allegation as to the manner of respondent's election or as to how he became a candidate or as to how McDonald was elected, averring that the allegations of the complaint in these respects are conclusions of law only.

(1) Our statute governing actions in quo warranto, N.C.L.1929, sec. 9203 et seq., provides for actions in the name of the state on the relation of the attorney general against a person who usurps a public office. It also provides for an action in the name of a person who

himself claims to be entitled to the office against another person unlawfully holding the same. The latter class of action is attended by a number of conditions, including the filing of a bond and obtaining leave of court to file the complaint, etc. It is within the latter group of sections that we find N.C.L., sec. 9209, providing: "All persons who claim to be entitled to the same office or franchise may be made defendants in the same action to try their respective rights to such office or franchise." It is unnecessary for us to decide whether or not the attorney general might have properly included McDonald as a party defendant. Nor is it necessary for us in this proceeding to go further in our final disposition of the case on the merits than to determine whether or not respondent unlawfully usurps the office. With this in mind, and also by reason of the permissive language contained in sec. 9209, we conclude that the complaint is not defective for its nonjoinder of McDonald.

(2) While the allegations of the complaint, by reason of the very nature of the proceeding, are to some extent conclusions of law, we consider them sufficient to permit of a joinder of issues by the respondent's answer. A strict requirement for factual allegations of every step and proceeding in the course of an election would be entirely unreasonable.

Section 9228, N.C.L., provides that when such actions are commenced in the supreme court they shall be conducted in the same manner as if commenced in the district court and that the pleadings and the conduct of the trial shall be the same as in the district court. Accordingly, the demurrer to the complaint is overruled and respondent is allowed ten days from receipt of a copy of this order within which to serve and file his answer.

EATHER and MERRILL, JJ., concur.

May 18, 1951.                    231 P.2d 599.

W. T. Mathews, Attorney General, George P. Annand, Robert L. McDonald, and Thomas A. Foley, Deputy Attorneys General, for Relator.

Edwin J. Dotson and George E. Franklin, Jr., both of Las Vegas, for Respondent.

**OPINION**

By the Court, EATHER, J.:

This is an original proceeding in this court in quo warranto, instituted by the State of Nevada, on the relation of the attorney general, against Clem Malone, claiming that respondent Malone is wilfully usurping, intruding into and unlawfully holding the office of county commissioner of Clark county. After

issue was joined on the complaint of the relator and the answer of respondent, following our decision overruling the demurrer to the complaint, (see State Ex Rel. Bible v. Malone, 68 Nev. 32, 226 P.2d 277) we appointed Honorable Frank McNamee, a district judge of Clark county, as referee for this court for the taking of testimony and exhibits on the part of both relator and respondent, and such transcript of testimony and exhibits are now before this court in documentary form.

Relator contends that respondent was elected in 1948, as a candidate at both the primary and general election, pursuant to an act of the legislature of 1915, as amended, which attempted to establish county commissioner districts in Clark county. Nevada Statutes, 1915, p. 146, chap. 125, as amended Nevada Statutes, 1923, p. 251, chap. 141, as amended Nevada Statutes, 1925, p. 139, chap. 103. While both parties concede that the act in question is unconstitutional in their respective briefs, it is not for the parties to stipulate, but for courts to decide the unconstitutionality. We hold that the act of 1915 establishing county commissioner districts for Clark county is unconstitutional and void as a local and special law, not uniform in application as required by sections 20 and 21 of Article IV of the constitution. In the same manner the act in question violates sections 25 and 26 of Article IV. McDonald v. Beemer, 67 Nev. 419, 220 P.2d 217.

Respondent, however, contends that he was not elected pursuant to the unconstitutional law, but that his election was by virtue of sections 1935–1936, N. C. L. 1929. Said sections provide as follows:

"Sec. 1935. At the general election of the several counties of the state, in A. D. eighteen hundred and seventy, by the qualified electors of each county, a board of county commissioners, to consist of three members, shall be elected, to possess such qualifications and to have such powers as hereinafter provided; *provided,* that in any county where, at the last general election,

there were polled four thousand or more votes, such board shall consist of five members. * * * Any vacancy or vacancies occurring in any board of county commissioners shall be filled by appointment of the governor, and such appointee or appointees shall hold his or their offices until the first Monday of January following the then next general election, except as provided otherwise in this act.

"Sec. 1936. Said commissioners shall be qualified electors of their respective counties, and shall enter upon their duties on the first Monday of January succeeding their election, and shall hold their offices two or four years, as the case may be, as provided in this act; and the term of office of two years or four years, as the case may be, shall expire at twelve o'clock p. m. of the day preceding the first Monday in January following a general election. No county or township officer shall be eligible to the office of commissioner. On entering upon the discharge of the duties of his office, each commissioner, whether elected or appointed under the provisions of this act, shall take and subscribe to the oath of office as prescribed by law; *provided,* that in case such commissioner shall neglect or refuse, during the period of fifteen days from and after the first Monday of January succeeding his election, to take the oath of office as herein directed, his office shall be deemed vacant, and such vacancy shall be filled by appointment as provided in section 1 of this act; *and, provided further,* that the term of office of a person appointed to the office of county commissioner shall not by virtue of the appointment extend beyond the hour of twelve o'clock p. m. of the day preceding the first Monday in January next following a general election."

The evidence does not bear out the contention of respondent. It appears that the county clerk of Clark county followed the provisions of the 1915 act in conducting both the primary and general elections of 1948 relating to the office of county commissioner. On July 8, 1948, respondent filed his declaration of candidacy

for the office of county commissioner with the clerk. In the handwriting of the chief deputy county clerk there appears the designation "Dist. No. 2" under the title of the office denominated "Office of County Commissioner 4 yrs." While respondent disputes that he ascribed the declaration of candidacy with the addition of the words "Dist. No. 2" written in, but claims that such was added after he had signed his declaration, we are not concerned with what office respondent *thought* he was running for, but for what office the election was actually conducted.

Consistent with the notation made on the declaration of candidacy, the clerk published notices in a newspaper of general circulation that nominations were open for the primary election to be held September 7, 1948. Among the offices to be filled was that of "County Commissioner, Dist. No. 2." The official primary ballot listed respondent with two others as Democratic party candidates "For County Commissioner District No. 2, Four Year Term." So, too, the official ballot for all precincts at the general election of November 2, 1948, carried respondent's name as the Democratic candidate opposed by one Smith, Republican, which ballots contained the words "For County Commissioner District No. 2, Four Year Term." Excerpts of the minutes of September 11, 1948 of the county commissioners of Clark county covering the canvass of the votes of the primary election of September 7, 1948, show that the tally of the votes cast for respondent was headed by the caption "County Commissioner, District No. 2, Four Year Term."

In the same manner, following the general election of November 2, 1948, the minutes of the meeting of the county commissioners on November 4, 1948, tallied the votes cast for respondent under the heading of "County Commissioner, District No. 2, Four Year Term" and noted that:

"Clem Malone having received the highest number of votes cast for County Commissioner, District No. 2, Four

Year Term, it was by the Board ORDERED that the said Clem Malone be and he hereby is declared elected to the office of County Commissioner from District No. 2, Four Year Term; * * *."

Respondent states that the insertion of the words "District No. 2" in all notices, ballots and official records relating to the election of respondent constituted purely ministerial acts of the county clerk and others in no way changing the form of the elections from those which might have been conducted under sections 1935 and 1936 N.C.L., set forth above. He points out that while he was designated as a candidate from District No. 2, such designation was meaningless by reason of the fact that voters of the entire county were privileged to cast their vote for or against him, and that the office imposed county-wide duties and responsibilities without limitation to any particular area or district. But while balloting was general throughout the county, the testimony of the clerk was to the effect that declaration of candidacy for the office to which respondent was elected was limited to those persons who resided in the area delineated in the 1915 statute as amended, an area called District No. 2. When a declaration of candidacy was filed, the place of residence of the declarant was ascertained by the clerk, and if it was determined that the declarant for the office lived within a geographical area designated District No. 2, the declaration was, if otherwise in proper form, accepted for candidacy. While it is true that the clerk testified that on the occasion of the 1948 election no one was refused the privilege of filing for the office on the ground of lack of residence within the so-called District No. 2, the manner and form of action on the part of the clerk illustrates even further that the election was conducted pursuant to the 1915 act. The fact that no application was received from persons residing in places other than the area designated District No. 2, does not establish that possible other candidates were not deterred from filing because they were residents of areas other than District No. 2.

Plainly the method used to conduct the 1948 primary and general elections for the office in question was not a mere matter of form and is substantially distinguishable from an election which might have been held under sections 1935–1936, N.C.L. From the facts it seems clear to this court, and accordingly we find, that the respondent was elected to the office of county commissioner, District No. 2, pursuant to the act of the legislature of 1915, as amended.

In March 1950 the attorney general rendered an opinion to the district attorney of Clark county holding that the act of 1915 was unconstitutional. Op. No. 893, Rept. Atty. Gen. 1948–1950. Pursuant to that opinion, the district attorney of Clark county advised the clerk that at the election of 1950, commissioners should be elected pursuant to the general statutes. Thereafter, following certain procedure taken by the clerk and county commissioners of Clark county, a primary and a general election were held in 1950 resulting in the election of one Harvey E. McDonald to the office of "County Commissioner, short term–regular term." Such elections appear to have been for the purpose of electing into office a de jure commissioner to finish out the term of the so-called commissioner, District No. 2, to which office respondent had been elected in 1948. Relator has presented evidence covering the various steps taken by the clerk and county commissioners in the conduct of the 1950 election. Relator's complaint prays that, in addition to excluding respondent from the office of commissioner, District No. 2, McDonald be declared the legal holder of the office of county commissioner of Clark County.

We deem the evidence presented by relator as to the election of 1950 to be wholly irrelevant to this proceeding. In our former decision in this matter (State Ex Rel. Bible v. Malone, 68 Nev. 32, 226 P.2d 277) we stated:

"Nor is it necessary for us in this proceeding to go further in our final disposition of the case on the merits than to determine whether or not respondent unlawfully usurps the office. With this in mind, and also by reason of the permissive language contained in section 9209, we conclude that the complaint is not defective for its non-joinder of McDonald."

The evidence attempts to support matters beyond the scope of this proceeding and beyond the limit of which we have already declared that we would be confined. In the case of State v. Moore, 49 Ariz. 51, 64 P.2d 809, 813, where, analogous to this proceeding, an action of quo warranto was instituted by the attorney general of Arizona, two defendants claiming each had unlawfully usurped their respective offices of tax commissioner, the court said:

"Nor do we think that this is, in effect, an election contest. Counsel in raising this contention, overlook the fact that this action was not brought for the benefit of a private individual claiming an office, but in the interest of the state to protect it from having two of its important offices administered by those who have no right thereto."

We are not unmindful of the fact that both Malone and McDonald claim the position of county commissioner of Clark county, but our decision rests on the finding that Malone was elected to a wholly nonexistent office known as county commissioner, District No. 2, pursuant to a statute which could not constitutionally create such an office, and that he is guilty of usurping, intruding into and unlawfully holding or exercising the office of county commissioner of Clark county.

Respondent seeks to justify himself as an officer de facto though elected under an unconstitutional statute, whose office will not be vacated until declared vacant under section 4799, N.C.L. It is elementary that an unconstitutional law is no law at all. Meagher v. Storey County, 5 Nev. 244; State v. Tufly, 20 Nev. 427, 22 P.

1054. Hence it must follow that an unconstitutional law cannot create an office. In Walcott v. Wells, 21 Nev. 47, at page 55, 24 P. 367, at page 370, 9 L.R.A. 59, the court states:

"We admit that there can be no officer, either de jure or de facto, if there be no office to fill; that an office attempted to be created by an unconstitutional law has no legal existence, is without any validity, and that any person attempting to fill such a pretended office, whether by appointment or otherwise, is a usurper, whose acts would be absolutely null and void, and could be questioned by any private suitor, in any kind of an action or proceeding. It would be a misnomer of terms to call a person an 'officer' who holds no office. A public office cannot exist without authority of law. An office cannot be created by an unconstitutional act, for such an act is no law. It confers no rights, imposes no duties, affords no protection, furnishes no shield, and gives no authority. It is in legal contemplation to be regarded as never having been possessed of any legal force or effect, and is always to be treated as though it never existed. See State ex rel. Stevenson v. Tufly, 20 Nev. 428, 22 P. 1054; Norton v. Shelby County, 118 U.S. 425, 442, 6 S.Ct. 1121, 30 L.Ed. 178."

Upon principles of policy and justice, as far as they may be able, courts hold the acts of officers valid as to third persons and the public, even though the statute authorizing the office is unconstitutional and void. But this proceeding at bar is not an attempt to attack the acts of respondent while purportedly holding the office of county commissioner of Clark county. For the purpose of the instant action, respondent is not a de facto officer as he does not hold a de jure office. It is well settled that there can be no de facto officer unless there is a de jure office. State v. Lake, 8 Nev. 276, 285; 21 Cal.Jur. 1013, par. 172. Would it not, therefore, be vain and useless to declare a vacancy in an office which

never existed in point of law or fact. An office created by an unconstitutional act does not continue as valid and existing until declared unconstitutional by a court; being void in its creation, it has no legal existence and need not be declared vacant. Buck v. City of Eureka, 109 Cal. 504, 42 P. 243, 30 L.R.A. 409; People v. Toal, 85 Cal. 333, 24 P. 603; Ex Parte Giambonini, 117 Cal. 573, 49 P. 732; Norton v. Shelby County, 118 U.S. 425, 6 Sup.Ct. 1121, 30 L.Ed. 178. While there may have been a legally existent office in 1948 of county commissioner, respondent was not elected to that office, but rather was elected to a different office, wholly nonexistent in law. His purported holding of the office of county commissioner of Clark county is without any right, authority or legal justification.

It is ordered that respondent be ousted and altogether excluded from the office of county commissioner of Clark county, and that relator recover his costs.

BADT, C. J., and MERRILL, J., concur.