226 P.2d 277 (1951)
STATE ex rel. BIBLE, Attorney General,
v.
MALONE.
No. 3646
Supreme Court of Nevada
January 15, 1951.
W.T. Mathews, Attorney General, George P. Annand, Robert L. McDonald, and Thomas A. Foley, Deputy Attorneys General for Relator.
Edwin J. Dotson and George E. Franklin, Jr., both of Las Vegas, for Respondent.
BADT, Chief Justice.
The attorney general, on his own relation, brought an action in this court in the name of the state against respondent, alleging that the latter is usurping the office of county commissioner of Clark County, Nevada, purporting to have been elected thereto in 1948 pursuant to "An act to establish commissioner districts in the county of Clark, and providing for the election therefrom of members of the board of county commissioners." Nevada Stats. 1915, p. 146, chap. 125, as amended 1923, p. 251, chap. 141, and 1925, p. 139, chap. 103. The act purported to divide Clark County into commissioner districts and to require the election of one qualified elector and resident of district No. 1 to represent that district, and two from district No. 2 to represent that district, and that in the event of a vacancy a successor shall be appointed from the residents and electors of said district. The complaint alleges that such act is in contravention of section 20 of article IV of the state constitution (prohibiting local or special laws regulating county business and *278 the election of county officers), section 21 (requiring all laws to be general and of uniform operation throughout the state in all cases where a general law can be made applicable), section 25 (requiring the legislature to establish a system of county government which shall be uniform throughout the state), and section 26 (requiring the legislature to provide by law for the election of a board of county commissioners in each county). The complaint alleges that the county clerk, acting under the advice of the district attorney of Clark County, conducted an election for the office in question (respondent's election "to the purported office of County Commissioner, four-year term, District No. 2" having purported to be for a term expiring the first Monday in January, 1953), under the general laws of this state, at which election one Harvey E. McDonald was elected and furnished with his certificate of election dated November 14, 1950 for the term commencing the first Monday in January, 1951, but that respondent refuses to vacate the office. Relator further alleges that Clark County was never divided into commissioner districts in the manner provided by the general statute providing for such division, N.C.L., sec. 1964, and that commissioners of Clark County may be lawfully elected at large only, as provided by our general statute, N.C.L., sec. 1935 et seq. Relator prays that respondent be ousted from office as such county commissioner, and that Harvey E. McDonald be declared to be the legal holder of the office.
No briefs were filed in this court by either party, but at the oral argument respondent conceded that the special act in question was unconstitutional under the holding of this court in McDonald v. Beemer, 67 Nev. 419, 220 P.2d 217. He insists however, in support of his demurrer, that the complaint is defective in the nonjoinder of McDonald, that it does not state facts sufficient to constitute a cause of action, and that it is uncertain in its allegation as to the manner of respondent's election or as to how he became a candidate or as to how McDonald was elected, averring that the allegations of the complaint in these respects are conclusions of law only.
(1) Our statute governing actions in quo warranto, N.C.L. 1929, sec. 9203 et seq., provides for actions in the name of the state on the relation of the attorney general against a person who usurps a public office. It also provides for an action in the name of a person who himself claims to be entitled to the office against another person unlawfully holding the same. The latter class of action is attended by a number of conditions, including the filing of a bond and obtaining leave of court to file the complaint, etc. It is within the latter group of sections that we find N.C.L., sec. 9209, providing: "All persons who claim to be entitled to the same office or franchise may be made defendants in the same action to try their respective rights to such office or franchise." It is unnecessary for us to decide whether or not the attorney general might have properly included McDonald as a party defendant. Nor is it necessary for us in this proceeding to go further in our final disposition of the case on the merits than to determine whether or not respondent unlawfully usurps the office. With this in mind, and also by reason of the permissive language contained in sec. 9209, we conclude that the complaint is not defective for its nonjoinder of McDonald.
(2) While the allegations of the complaint, by reason of the very nature of the proceeding, are to some extent conclusions of law, we consider them sufficient to permit of a joinder of issues by the respondent's answer. A strict requirement for factual allegations of every step and proceeding in the course of an election would be entirely unreasonable.
Section 9228, N.C.L., provides that when such actions are commenced in the supreme court they shall be conducted in the same manner as if commenced in the district court and that the pleadings and the conduct of the trial shall be the same as in the district court. Accordingly, the demurrer to the complaint is overruled and respondent is allowed ten days from receipt of a copy of this order within which to serve and file his answer.
EATHER and MERRILL, JJ., concur.