75,351-02

In the matter of Case3 WR-75,351-02

**Dan Flynn member of the legislative house of Texas and an <u>officer of the Texas State Guard</u>. You had the duty to see that my rights were protected and you have failed to report to the court of competent jurisdiction to insure my rights were protected and the 7th amendment Court open. But you have failed to do so. It is your duty to make sure that all courts shall be open and to maintain their purity and efficiency.**

"Misprision of felony" is still an offense under United States federal law after being codified in 1909 under 18 U.S.C. § 4:

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil **or military authority** under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Dan Flynn I have made you aware of crimes against me that have been going on for years and you have ignored me and the crimes.

The Texas Legislators have the power of impeachment of corrupt and criminal racketeering judges and officers of the Courts.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 23 2015

Abel Acosta, Clerk

This State of Texas courts lack jurisdiction of me pursuant to case law
jurisdiction is challenged

Few Cases on Jurisdiction

Lord Chief Justice Cambden long ago held that a court's authority and jurisdiction must be legislatively conferred by a statute:

"If it is law, it will be found in our books. If it is not be found there, it is not law." Entick v. Carrington, 19 Howell's St. Tr., Col. 1029, 1065-1066 (1765). "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."
Melo v. US, 505 F2d 1026.

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533.

"There is no discretion to ignore that lack of jurisdiction."
Joyce v. US, 474 F2d 215.

"The burden shifts to the court to prove jurisdiction."
Rosemond v. Lambert, 469 F2d 416.

1

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Lantana v. Hopper, 102 F2d 188; Chicago v. New York, 37 F Supp 150.


"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either **on person or property**."
Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.


"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio."
In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.


"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.


"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance."
Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.


"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction."
Wuest v. Wuest, 127 P2d 934, 937.


"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris."
Merritt v. Hunter, C.A. Kansas 170 F2d 739.


"the fact that the petitioner was released on a promise to appear before a magistrate for an arraignment, that fact is circumstance to be considered in determining whether in first instance there was a probable cause for the arrest."
Monroe v.Papa, DC, Ill. 1963, 221 F Supp 685.

2

Vehicle/Traffic

"An action by Department of Motor Vehicles, whether directly or through a court sitting administratively as the hearing officer, must be clearly defined in the statute before it has subject matter jurisdiction, without such jurisdiction of the licensee, all acts of the agency, by its employees, agents, hearing officers, are null and void."
Doolan v. Carr, 125 US 618; City v Pearson, 181 Cal. 640.


"Agency, or party sitting for the agency, (which would be the magistrate of a municipal court) has no authority to enforce as to any licensee unless he is acting for compensation. Such an act is highly penal in nature, and should not be construed to include anything which is not embraced within its terms. (Where) there is no charge within a complaint that the accused was employed for compensation to do the act complained of, or that the act constituted part of a contract."
Schomig v. Kaiser, 189 Cal 596.


**"When acting to enforce a statute and its subsequent amendments to the present date, the judge of the municipal court is acting as an administrative officer and not in a judicial capacity; courts in administering or enforcing statutes do not act judicially, but merely ministerially".**
Thompson v. Smith, 154 SE 583.


**"A judge ceases to sit as a judicial officer because the governing principle of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments, and rationale for that of the agency. Additionally, courts are prohibited from substituting their judgment for that of the agency. Courts in administrative issues are prohibited from even listening to or hearing arguments, presentation, or rational."**
**ASIS v. US, 568 F2d 284.**


**"Ministerial officers are incompetent to receive grants of judicial power from the legislature, their acts in attempting to exercise such powers are necessarily nullities." Burns v. Sup. Ct., SF, 140 Cal. 1.**

"The elementary doctrine that the constitutionality of a legislative act is open to attack only by persons whose rights are affected thereby, applies to statute relating to administrative agencies, the validity of which may not be called into question in the absence of a showing of substantial harm, actual or impending, to a legally protected

interest directly resulting from the enforcement of the statute."
Board of Trade v. Olson, 262 US 1; 29 ALR 2d 105.
A Few Cases on Jurisdiction

Lord Chief Justice Cambden long ago held that a court's authority and jurisdiction must be legislatively conferred by a statute:

"If it is law, it will be found in our books. If it is not be found there, it is not law." Entick v. Carrington, 19 Howell's St. Tr., Col. 1029, 1065-1066 (1765). "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."
Melo v. US, 505 F2d 1026.

**"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine 415 U. S. 533.**

Read US v Lopez and Hagans v Levine both void because of lack of jurisdiction. In Lopez the circuit court called it right, and in Hagans it had to go to the Supreme court before it was called right, in both cases, void.

If you read the supreme court cases you will find that jurisdiction can be challenged at any time and in the case of Lopez it was a jury trial which was declared void for want of jurisdiction. If it doesn't exist, in just plain can justify conviction or judgment. Without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/USA's cause.
See:
Broom v. Douglas, 75 Ala 268, 57 So 860) the same being jurisdictional facts FATAL to the government's cause (e.g. see In re FNB, 152 F 64).

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." Melo v. U.S. 505 F 2d 1026

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

"There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.

4

"The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F 2d 416

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

"The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." 100 S. Ct. 2502 (1980)

"Jurisdiction can be challenged at any time." Basso v. Utah Power & Light Co. 495 F 2d 906, 910.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp. 478 So. 2d. 368 (Fla 2nd DCA 1985)

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Lantana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F. Supp. 150.

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners 94 Ca 2d 751. 211 P2d 389.

"Jurisdiction, once challenged, cannot be assumed and must be decided." Maine v Thiboutot 100 S. Ct. 250.

Let the Supreme Court sum it up for you.

Supreme Court of the United States 1795, "Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and **the contracts between them**." S.C.R. 1795, (3 U.S. 54; 1 L.Ed. 57; 3 Dall. 54),

I have no contract with this State or "the State of Texas" or any of it's agencies.

My right to a 7th amendment trial has been denied which is a constitutional violation that violates Federal Law Title 18 USC 241 and 242 by agents of the Corporate City of GRAND SALINE TEXAS. Also violation of the 1866 Civil Rights act enforceable by the U.S. Marshalls.
My right to travel has been restrained by the admin Judge and two bar card attorney in collusion with Jason Burns who by terrorist threats of arresting me ever time I traveled into "His Town" It is evident they is using their commercial license to deprive me of my right to travel, extort funds from me by his attempt to compel me do the impossible. He told me that anytime I traveled into

"his town" without a State of Texas Drivers he would arrest me again. I reported this to the judge and she told me to go talk to the police chief.

He is using his commercial office to deprive me of my private right to travel I cannot even travel into Grand Saline to buy food and medicine without the fear of being kidnapped and held for ransom.

On my the 2nd he did a unlawful arrest of a unlawful warrant issued by the commercial prosecutor and city administrative judge without a Grand Jury indictment as mandated by art.5 Sec.13 of the Texas constitution and certified as mandated by art 5 Sec. 17 of the Texas Constitution.

A copy of one of the unlawful warrants is attached as you can see no where it give Burns any authority to place me in any jail

Justice delayed is Justice denied.

This 20th Day of July 2015 by me,

*Ralph - Kenneth; Family of Evans* Non-Resident    raised seal

Mail location exact and certain:
171 Private Road 5710
Hold for; (Ralph-Kenneth)
Grand Saline, the State of Texas near {75140}

Electronic Mail Fax to Dan Flynn Canton Texas office 903-567-0923

Copy to Court of Criminal Appeals Austin "the State of Texas" P.O. box 12308 Capitol Station Austin, Texas 78711 to be made part of Case WR-75,371-02

D.L.#          D.O.B.: 08/13/1938          RACE: White

WARRANT #: 5949                TOTAL AMOUNT DUE $285.30

COPY
COPY
FILED
FEB 1 1 2015
Grand Saline Municipal Court
FILED
MAY 1 1 2015

## THE STATE OF TEXAS
## VS.
## EVANS, RALPH
## 171 PR 5710
## GRAND SALINE, TX 75140
## 9039623818
### DATE WARRANT ISSUED: 02/11/2015

Grand Saline Municipal Court

YOU ARE HEREBY COMMANDED TO ARREST EVANS, RALPH AND IMMEDIATELY BRING (HIM)(HER) BEFORE THE COURT LOCATED AT 128 EAST FRANK STREET, GRAND SALINE, VAN ZANDT COUNTY, TEXAS. SAID DEFENDANT HAS BEEN ACCUSED OF SPEEDING 14 MPH OVER, ON 11/08/14, WHICH IS AGAINST THE LAWS OF TEXAS AND/OR AGAINST THE CITY ORDINANCES OF SAID CITY.

HEREIN FAIL NOT, BUT OF THIS WRIT MAKE DUE RETURN, SHOWING HOW YOU HAVE EXECUTED THE SAME

WITNESS MY OFFICIAL SIGNATURE ON Wednesday, February 11, 2015.

MUNICIPAL COURT JUDGE
CITY OF GRAND SALINE
128 E FRANK, GRAND SALINE, TX 75140
903-962-3122

OFFICER'S RETURN

CAME TO HAND THE 2 DAY OF May A.D. 2015 AT 3:30 O'CLOCK M. BY ARRESTING THE WITHIN NAMED Ralph Evans AT 511 City In IN Van Zandt COUNTY, TEXAS AND TAKING BOND, WHICH IS HEREWITH RETURNED, PLACING HIM/HER IN THE COUNTY JAIL OF Van Zandt COUNTY, TEXAS. I ACTUALLY AND NECESSARILY TRAVELED 30 MILES IN THE SERVICE OF THIS WRIT, IN ADDITION TO ANY OTHER MILEAGE I MAY HAVE TRAVELED IN THE SERVICE OF OTHER PROCESS IN THIS CAUSE DURING THE SAME TRIP.

J. Burns                    #40
                    PEACE OFFICER

FILED
MAY 0 4 2015
Grand Saline Municipal Court