[No. 2566]

## THE STATE OF NEVADA, EX REL. FRED W. FALL, PETITIONER, *v.* S. T. KELSO, COUNTY CLERK OF MINERAL COUNTY, NEVADA, RESPONDENT.

[208 Pac. 424]

1. MANDAMUS — COUNTY COMMISSIONERS' ORDER DISTRICTING COUNTY NOT JUDICIAL IN CHARACTER.

   An order of a board of county commissioners dividing the county into election districts, not being judicial in character, cannot be reviewed by certiorari, so that mandamus is proper.

2. ELECTIONS — COUNTY COMMISSIONERS' ORDER DISTRICTING COUNTY OF NO EFFECT, STATUTORY REQUIREMENT BEING VIOLATED.

   A purported order of the county commissioners dividing a county into three election districts, one of which contained more than half of the county's voters, was of no effect, where the record did not show that 20 per cent of the qualified electors petitioned for such a division as required by Rev. Laws, 1531, especially since this statute also required each district to contain "as near as may be" one-third of the county's voters.

3. CONSTITUTIONAL LAW—STATUTE NOT DECLARED UNCONSTITUTIONAL UNLESS NECESSARY.

   It is the policy of the court not to declare a statute unconstitutional unless necessary.

ORIGINAL APPLICATION for writ of mandamus by the State of Nevada, on the relation of Fred W. Fall, against S. T. Kelso, County Clerk of Mineral County. Writ **issued.**

*Wm. Forman,* for Petitioner:

The writ should issue. The order of the board of county commissioners in dividing the county into commissioner districts was without authority of law and is void.

The proposed division followed certain survey lines, without regard to the provisions of the statute as to including certain precincts and wards wholly within one district. Furthermore, no regard was had for the requirement that each district contain "as near as may be" one-third of the voting population of the county. A board of county commissioners is a creature of the

statute, and as such its powers are expressly granted by statute and must be exercised only in conformity therewith.   State v. Washoe County, 6 Nev. 104;   State v. Commissioners, 22 Nev. 15;   Godchaux v. Carpenter, 19 Nev. 415;   Swift v. Commissioners, 6 Nev. 97;   State v. Board, 12 Nev. 19.

*J. H. White,* District Attorney, for Respondent:

Mandamus will not lie to review, regulate, revise or annul the official discretion or judgment of a board of county commissioners after they have once heard, considered and finally exercised their discretion and judgment, even though the same be erroneous or excessive. State v. Boerlin, 30 Nev. 473;   18 Am. & Eng. Ency. Law, 735.

"As near as may be" does not mean "as near as may be possible" or "as near as may be practicable."   The words are directory and advisory only, leaving it within the discretion of the court to reject any subordinate provision in the statute, which in their judgment would unwisely encumber the administration of the .law or tend to defeat the ends of justice.   Railroad Co. v. Horst, 93 U. S. 291;   Beardsley v. Littell, 2 Fed. Cas. 1185; Phelps v. Oaks, 29 L. Ed. 888;   Potter v. Robinson, 40 N. J. L. 117;   Bank v. Thompson, 50 N. E. 1089.

By the Court, COLEMAN, J.:

This is an original proceeding in mandamus.

The petition alleges all the essential facts to entitle petitioner to seek, as a candidate for short-term commissioner of Mineral County, a nomination on the Republican ticket at the ensuing primary election; that he made out his declaration of candidacy for nomination on the Republican ticket for said office, to be voted for at such primary election, and tendered the same to the respondent for filing, together with the legal fee therefor; that the respondent refused, and still refuses, to file the same, and will refuse to place the name of petitioner upon said primary election ballot; that respondent gives as his reason for such refusal the action of

the board of county commissioners of Mineral County in adopting a resolution at its recent session dividing said county into three commissioner districts, by which the Mina precinct, in which petitioner resides, was placed in commissioner district No. 2, to which district was assigned the office of county commissioner for the long term, to be elected at the general election to be held in November, 1922. The statute (Rev. Laws, 1531) under which said board of county commissioners presumed to act reads:

"Whenever twenty per cent or more of the qualified electors of any county in this state shall petition the board of county commissioners of their county to that effect, it shall be the duty of the county commissioners of such county, on or before the first Monday in July preceding any general election, to divide the county into three districts, to be known as 'Commissioner Districts.' Such division shall be made to conform to the established boundaries of election precincts or wards, and each and every election precinct or ward shall be wholly within one of the commissioner districts herein provided for. Each commissioner district shall embrace, as near as may be, one-third of the voting population of the county, to be determined by the vote cast at the last general election, and shall consist of adjoining precincts; *provided,* that in case not more than three election precincts or wards exist in the county, then each election precinct or ward shall constitute a commissioner district."

**1, 2.** It is objected that mandamus is not available, for the reason that certiorari affords the petitioner an adequate remedy. Our statute provides, and this court has repeatedly held, that certiorari lies only to review a judicial order. It is not even suggested that the order districting the county is judicial in character; it clearly is not. The point is not well taken.

We do not deem it necessary to consider the various points made. It has been repeatedly held that the board of county commissioners exercises but limited and

special powers (Lyon County v. Ross, 24 Nev. 102, 50 Pac. 1; First Nat. Bank v. Nye County, 38 Nev. 134, 145 Pac. 932, Ann. Cas. 1917C, 1195), and that when the power to do a certain thing is questioned, the record must show affirmatively all the facts necessary to give authority to perform the act complained of (Godchaux v. Carpenter, 19 Nev. 415, 14 Pac. 140). The case last cited was one wherein was questioned the action of a board of county commissioners in establishing a road. The statute conferring upon a board of county commissioners authority to establish highways authorizes such action when a petition signed by a majority of the taxpayers of the road district, according to the last previous assessment roll, is presented. It did not appear from the minutes of the meeting of the county commissioners at which the board sought to establish the road that the petition was so signed. It was held that the action of the board was irregular, and it was set aside; the court saying:

"It must appear affirmatively from the records of the board that the board found as a fact that 'a majority of the resident taxpayers of Willow Point road district, according to the last previous assessment roll,' had signed the petition. What the board did find is, that 'said petition was signed by a majority of the resident taxpayers of said Willow Point road district.' It was not found that a majority of the resident taxpayers of the road district, according to the last previous assessment roll, had signed it. The board found that a majority of the then resident taxpayers of the road district had signed the petition, while the statute required a majority according to the last previous assessment roll."

The general rule is stated in 15 C. J. 466, as follows:

"More specifically, it is held that, as county boards are bodies with special and limited jurisdiction, all facts necessary to give jurisdiction must affirmatively appear on the record of the proceedings."

In the instant case it does not appear from the record

of the meeting of the board that the so-called petition was considered by the board, or that it was even presented to it. There is no allusion whatever to any petition having been presented. Under the authority of the Carpenter case, we must hold that the so - called order of the board in establishing commissioner districts is without force.

The board of county commissioners, in districting the county, also ignored the clear provision of the statute that each commissioner district must contain, "as near as may be," one-third of the voting population of the county, to be determined by the vote cast at the last general election. It appears that one of the commissioner districts sought to be created has within its boundaries considerably more than one-half of such voting population. As we have pointed out, it is settled law in this state that a board of county commissioners must act strictly in accordance with the requirement of the statute; and, as said in Lyon County v. Ross, supra:

"When the law prescribes the mode which they must pursue, in the exercise of these powers it excludes all other modes of procedure."

We think the board of commissioners should be at least as strict in adhering substantially to the provision to which we have just alluded as in the mode of procedure. The legislature had good reasons for requiring that the districts should each have, as near as may be, one-third of the population. By the words "as near as may be," the legislature sought to give the commissioners some latitude; but it was not contemplated that the true spirit of the act, which was to require such a districting of the county as would give to each district substantially one-third of the population of the county, should be violated.

If the board can so ignore the clear spirit of the statute as to so district the county that one of the districts shall have in it more than one-half of the voters of the county, might it not, with equal propriety, so divide it that one district will have two-thirds or three-

Points decided

fourths of such voters? The provision in the statute thus violated is one of substance, and cannot be ignored.

3. Since it is the policy of the courts not to declare a statute unconstitutional unless necessary, we decline to express any opinion as to the constitutionality of the statute in question, since the writ sought must issue for the reason given.

Let the writ issue as prayed.