JOHN E. KELLY, PETITIONER, *v.* HELEN SCOTT REED, COUNTY CLERK, CLARK COUNTY, NEVADA, VAN ENGLESTEAD, CHAIRMAN, CLARK COUNTY DEMOCRATIC CENTRAL COMMITTEE, JOHN F. MENDOZA, AND JACK C. CHERRY, RESPONDENTS.

No. 4372

October 7, 1960                     355 P.2d 969

*E. M. Gunderson* and *John E. Kelly,* of Las Vegas; and *Springer, McKissick and Hug,* of Reno, for Petitioner.

*M. Gene Matteucci* and *John F. Mendoza,* of Las Vegas, for Respondents John F. Mendoza and Van Englestead, Chairman, Clark County Democratic Central Committee.

## OPINION

*Per Curiam:*

This is an original proceeding in mandamus. The petition therefor seeks: (1) to compel respondent Van Englestead, Chairman of the Clark County Democratic Central Committee, to certify to Helen Scott Reed, clerk of said county, the name of petitioner Kelly as Democratic nominee for the office. of District Attorney of Clark County; (2) to compel Helen Scott Reed to place the name of petitioner Kelly on the ballot as Democratic nominee; (3) to compel Helen Scott Reed to reject the name of respondent John F. Mendoza as a candidate for such office; and (4) to compel Helen Scott Reed to deny any request of respondent John F. Mendoza to withdraw his nomination for the office of District Judge of Department 1 of the Eighth Judicial District Court.

1. NRS 294.300 provides: "Vacancies occurring after the holding of any primary election shall be filled by the central committee of the political party of the county * * *. Such action shall be taken not less than 30 days prior to the November election."

The purpose of this statute is not to require action by a central committee in every case of a vacancy occurring after the holding of every primary election. The statute is merely an empowering act giving authority to the entity designated to name a party candidate in case a vacancy arises after a primary election on account of the death or disqualification of a person nominated, or on account of a vacancy in an office caused by death or resignation of the incumbent. See Brown v. Georgetta,

70 Nev. 500, 275 P.2d 376. The central committee may not have any candidate suitable to it to nominate, there may be no one of its party with the necessary qualifications (and certainly it couldn't be required to nominate a person of another party affiliation); it may wish to take no action believing that the candidate of the other party is the best person available; and further, it may not be able to find a qualified person willing to accept the nomination.

NRS 34.160 specifies when a writ of mandamus may issue. It may issue "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station."

The central committee has discretion in choosing its particular candidate. They cannot be compelled to act in a particular way, i.e., to choose or name Kelly or any other person. Even if the committee may have voted to nominate a particular person it would not be precluded from rescinding, abrogating, or altering its earlier action. Browne v. Martin, La.App., 19 So.2d 421; Long v. Martin, 194 La. 797, 194 So. 896; Seay v. Latham, 143 Tex. 1, 182 S.W.2d 251, 155 A.L.R. 180; State ex rel. Reynolds v. Fielder, 110 W.Va. 240, 157 S.E. 597. This court therefore will not compel Van Englestead as Chairman of said Democratic Central Committee to certify to Helen Scott Reed the name of petitioner John E. Kelly as Democratic nominee for the office of District Attorney of Clark County, Nevada. Such an act on the part of the central committee is not "an act which the law especially enjoins as a duty resulting from an office, trust or station." We express no opinion whether a county central committee is an "office, trust or station" within the meaning of NRS 34.160.

2. County Clerk Helen Scott Reed is empowered to place on the ballot for the November election the names of persons who have been duly nominated at the preceding primary election or those nominated by county central committees in case of vacancies occurring after the

primary election.[1] Since she has never received any nomination of John E. Kelly from the Democratic County Central Committee for the office of district attorney (and it appears from the minutes of its meeting that no such nomination was made) she cannot be compelled to place the name of John E. Kelly on the general election ballot as a candidate.

3. On July 18, 1960, respondent John F. Mendoza filed with respondent Helen Scott Reed his declaration of candidacy for the office of District Judge of Department 1 of the Eighth Judicial District Court in and for the county of Clark. Inasmuch as only two candidates filed for said office of district judge, pursuant to NRS 294.280 both of said candidates became nonpartisan nominees for said office. Petitioner maintains that a person cannot be a candidate for the office of district judge and district attorney because the same are incompatible and that if elected to both he would be ineligible to qualify for the office of district attorney under the provisions of the Nev. Const. art. 6, sec. 11.[2]

The weight of authority, which we are inclined to follow, is that a statutory or constitutional provision prohibiting one person from filling two offices at one time does not preclude a candidate from seeking or accepting nomination for more than one office in the absence of some statutory prohibition. State ex rel. Nev. v. Waechter, 332 Mo. 574, 58 S.W.2d 971; Misch v. Russell, 136 Ill. 22, 26 N.E. 528, 12 L.R.A. 125; Petition of Maxman's Nomination, 49 Pa. Distr. & Co. R. 141. Such a statutory prohibition did exist in this state. Stat. of Nev. 1891, Ch. 40, sec. 6; Rev. Laws of Nev. (1912), sec. 1838; Stat. of Nev. 1915, Ch. 285, sec. 42.[3] Said statutory provision was repealed by implication by

[1] We are not concerned with nonpartisan nominations occurring because of a vacancy after the primary.

[2] Art. 6, sec. 11: "The justices of the supreme court and the district judges shall be ineligible to any office, other than a judicial office, during the term for which they shall have been elected or appointed; and all elections or appointments of any such judges by the people, legislature, or otherwise, during said period, to any office other than judicial, shall be void."

[3] Stat. of Nev. 1915, Ch. 285, sec. 42: "* * * and no person shall accept a nomination to more than one office."

Stat. of Nev. 1917, Ch. 155, sec. 33, and has not appeared in any subsequent act.

We therefore conclude that the policy of this state since 1917 does not preclude a candidate from accepting a nomination to more than one office.

4. The petition herein alleges that John F. Mendoza desires to withdraw his candidacy for said office of district judge.

In filing his declaration of candidacy for the office of district judge, he stated under oath "that if nominated as a candidate at said ensuing election I will accept such nomination and not withdraw."

In State ex rel. Donnelley v. Hamilton, 33 Nev. 418, 111 P. 1026, the majority of the court decided that a candidate who, in filing his declaration of candidacy, takes an oath not to withdraw if nominated does not have the right to have his name withdrawn or omitted from the general election ballot after he has been regularly nominated. It is to be noted that the rule in this case pertains to a nominee of a political party. In the present proceeding, respondent Mendoza is a nominee for a nonpartisan office. The reasons prohibiting a nominee for a partisan office from withdrawing after he has been nominated as set forth in the case of State ex rel. Thatcher v. Brodigan, 37 Nev. 458, 142 P. 520, do not necessarily apply in the case of nonpartisan nominees.

As stated in the Hamilton case [33 Nev. 418, 426, 111 P. 1029] "The scope of the new primary act indicates that the Legislature intended to make a radical change in the methods by which nominees for public office are to be placed on the general election ballot. Instead of being selected by a comparatively few individuals, comprising a convention or committee, they are now to be chosen by a majority of the votes of their party, cast in the booth, free from any undue influence. Riter v. Douglass, 109 Pac. 444. Different provisions of the act strengthen the inference that when nominees are so chosen they are to remain upon the ticket in compliance with their oath not to withdraw, and that it was not the intention of the Legislature to have them break

this obligation by withdrawing and thereby allowing a committee to appoint nominees different from the ones selected by a majority of the votes of the party."

In State ex rel. Thatcher v. Brodigan, supra, we stated that this court had held in State ex rel. Donnelley v. Hamilton, supra, that whether a candidate nominated at the primary election may have his name omitted from the general election ballots is a matter of policy for the legislature and where the legislature forbids the withdrawal of candidates nominated at the primary, the court cannot allow candidates to withdraw even for deserving reasons.

There is no express legislative declaration that a nominee for a nonpartisan office cannot have his name withdrawn as such nominee. As stated by Justice Norcross in his dissenting opinion in the case of State ex rel. Donnelley v. Hamilton, supra, in referring to the law of this state prior to the adoption of the primary election law: "There has never been in the laws of this state any restriction whatever upon the right, either of a candidate for a public office or for an officer, to withdraw from such nomination or resign from such office whenever he saw fit to do so." We are unwilling to extend the doctrine of the Hamilton case so as to preclude a nonpartisan nominee from withdrawing his nomination after the primary election if he so desires. In the present case, at the time respondent Mendoza filed his declaration of candidacy and executed the oath there did not then exist a vacancy in the office of district attorney and when that vacancy occurred after the primary election we see no legislative policy which would preclude him from seeking and accepting a party nomination to the office of district attorney. We hold that the oath which a nonpartisan candidate takes when filing his declaration of candidacy refers to the then existing situation and when an unforeseen vacancy in another office occurs (as here upon the resignation of George Foley whose term had more than two years to run) a nominee for a nonpartisan office would be free to withdraw his nomination therefor and accept nomination for the newly vacated office.

As we see no useful purpose and possible confusion and injustice to the voters in having the name of respondent Mendoza remain on the general election ballot as a candidate for district judge, if it is his intention to abandon such candidacy, and if he requests that his name be withdrawn as a nominee for the office of district judge, the respondent county clerk should permit such withdrawal.

The petition for the alternative writ is denied, and the proceedings dismissed.