STANTON B. COLTON, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, DEPARTMENT NO. I; ROBERT N. BROADBENT, DAVID B. CANTER, THALIA M. DONDERO, JACK R. PETITTI, RICHARD J. RONZONE, THOMAS WIESNER, AND AARON WILLIAMS, Individually AND AS THE BOARD OF COMMISSIONERS OF CLARK COUNTY, NEVADA, RESPONDENTS.

No. 8902

STANTON B. COLTON, Appellant, v. JAMES M. BIX–LER; ROBERT N. BROADBENT, THALIA M. DON–DERO, JACK R. PETITTI, RICHARD J. RONZONE, TOM WIESNER AND AARON WILLIAMS, INDIVIDU–ALLY AND AS THE BOARD OF COMMISSIONERS OF CLARK COUNTY, NEVADA, RESPONDENTS.

No. 8906

July 2, 1976                    552 P.2d 44

*George E. Holt,* Clark County District Attorney, and *James M. Bartley,* Deputy District Attorney, for Petitioner and Apellant Stanton B. Colton.

*George E. Franklin,* Las Vegas, for Respondent and Cross-Appellant James M. Bixler.

*George F. Ogilvie,* Las Vegas, for added Respondents Robert N. Broadbent, David B. Canter, Thalia M. Dondero, Jack R. Petitti, Richard J. Ronzone, Tom Wiesner and Aaron Williams.

## OPINION

By the Court, GUNDERSON, C. J.:

The two matters before us, consolidated for argument and decision, address the same questions, to-wit: whether NRS

244.017, which our Legislature adopted in 1971, violates Sections 20 and 21 of Article IV, of Nevada's Constitution, because that statute expressly endeavors to govern elections solely in Clark County;[1] and (2) if so, whether under other

[1]NRS 244.017 appears in our statutes as follows:

244.017 Clark County: Commissioner districts; number of commissioners; election; terms. [Effective until January 3, 1977.]

1. In Clark County seven county commissioner districts are hereby created as follows:

(a) District A shall be composed of assembly districts Nos. 16, 21 and 22 and enumeration districts Nos. 228A, 228B and 236 in assembly district No. 13.

(b) District B shall be composed of assembly districts Nos. 17 and 20; enumeration districts Nos. 45, 46B and 48 in assembly district No. 11 and enumeration districts Nos. 250, 253, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275 and 276 in assembly district No. 19.

(c) District C shall be composed of assembly districts Nos. 6, 7 and 18.

(d) District D shall be composed of assembly district No. 9; enumeration districts Nos. 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 126, 127, 128, 129, 165A and 166 in assembly district No. 8; enumeration districts Nos. 35, 41, 42, 46A, 47, 52, 53 and 55 in assembly district No. 11; enumeration districts Nos. 57, 58, 130, 131, 132, 135, 137, 138, 139, 140, 141, 142, 143, 145 and 159 in assembly district No. 12.

(e) District E shall be composed of assembly districts Nos. 2, 3 and 4 and enumeration districts Nos. 85, 87, 108 and 147 in assembly district No. 8.

(f) District F shall be composed of assembly districts Nos. 1 and 5; enumeration districts Nos. 176A, 176B, 176C, 176D, 177, 178A, 178D and 235 in assembly district No. 10 and enumeration districts Nos. 99B, 178B, 178C, 180, 181, 182, 195, 201, 227, 229, 230, 231, 232, 237B and 238A in assembly district No. 13.

(g) District G shall be composed of assembly districts Nos. 14 and 15; enumeration districts Nos. 165B, 173A, 175A, 175B, 175C, 175D and 175E in assembly district No. 10; enumeration districts Nos. 51B, 54 and 56 in assembly district No. 11; enumeration district 164A in assembly district No. 12; enumeration districts Nos. 167, 168, 169, 172, 179, 184 and 185 in assembly district No. 13 and enumeration district No. 287 in assembly district No. 19.

2. Assembly districts and enumeration districts, as used in subsection 1, refer to and have the meaning conferred by the appropriate provisions of chapter 218 of NRS.

3. At the general election in 1972 and every 4 years thereafter there shall be elected one commissioner from district A, one commissioner from district B, one commissioner from district C and one commissioner from district E, for terms of 4 years.

4. At the general election in 1974 and every 4 years thereafter there shall be elected one commissioner from district D, one commissioner from district F and one commissioner from district G, for terms of 4 years.

5. The members of the boards of county commissioners covered by the provisions of this section, as constituted on June 1, 1972, shall continue to hold office for the terms for which they were elected.

proper and prevailing law the Registrar of Voters is obligated to conduct an election in Clark County, in which all qualified persons may seek the office of county commissioner. Both questions must be answered in the affirmative.

James Bixler, respondent and cross-appellant in one of the matters before us, sought to file a declaration of candidacy with Stanton Colton, Clark County's Registrar of Voters, seeking to run at-large for the office of county commissioner. Rebuffed by Colton, on grounds that the governing statute, NRS 244.017, does not contemplate Bixler's filing for such office in such manner, Bixler sought a writ of mandamus in district court. Although the district court agreed NRS 244.017 is unconstitutional, it held NRS 244.013 and 244.033 would govern 1976 elections in Clark County.[2] Thus, since Bixler sought to run at-large, and since no at-large seat would be available this year under the latter statutes, the district court denied mandamus.

---

[2]NRS 244.013 and NRS 244.033 appear in the following form:

244.013 Number of county commissioners in counties having a population of 100,000 or more but less than 200,000; manner of election. [Effective until January 3, 1977.]

1. In each county having a population of 100,000 or more but less than 200,000, as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce, five county commissioners shall be elected in the manner provided in this section and NRS 244.033.

2. Two county commissioners shall be elected from among the residents of the incorporated city within the county at which the county seat is located by the residents of such city.

3. One county commissioner shall be elected from among the residents of the other incorporated cities in the county by the residents of such cities.

4. One county commissioner shall be elected from among the residents of the unincorporated areas of the county by the residents of such areas.

5. One county commissioner shall be elected at large within the county.

244.033 Term of office in counties having 100,000 or more but less than 200,000 population. [Effective until January 3, 1977.]

1. Terms of county commissioners in counties having a population of 100,000 or more but less than 200,000 as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce shall be as provided in this section.

2. At the general election in 1960 there shall be elected:

(a) One person who resides at the county seat and one person who resides in an unincorporated area of the county for terms of 2 years.

(b) One person who resides at the county seat and one person who

From these determinations, the Registrar of Voters, Colton, has appealed; Bixler has cross-appealed.[3]

We reverse and remand Bixler's case to district court, with instructions to grant a writ of mandamus, in accord with this opinion. The certiorari proceedings also before us, we hereby dismiss, it being evident that all necessary relief is afforded the parties through our disposition of the appeal and cross-appeal.

1. Contrary to contentions appellant Colton proffered to the district court, which seemingly he has abandoned on appeal, the respondent and cross-appellant James M. Bixler correctly utilized mandamus to test his right to run on an at-large basis for the Board of County Commissioners. See, for example: State v. Malone, 68 Nev. 32, 226 P.2d 277 (1951); McDonald v. Beemer, 67 Nev. 419, 220 P.2d 217 (1950). Upon facts indistinguishable from those before us, this court has said "mandamus is the proper remedy." McDonald v. Beemer, id., 67 Nev. at 421.

2. Contrary to contentions appellant proffers now for the first time on appeal, it is equally well settled that special laws like NRS 244.017, which endeavor to govern elections in a single, designated county, violate Sections 20 and 21, Article IV, of the Nevada Constitution, and thus are void. See, State v. Malone and McDonald v. Beemer, cited above; County of Clark v. City of Las Vegas, 92 Nev. 323, 550 P.2d 779 (1976), and cases cited therein.

Since the Legislature has defeated its own primary intent, our task now is to divine, as best we can, in other statutes and in the remnants of the statute enacting NRS 244.017, what the Legislature's alternative intent would be. See: County of Clark v. City of Las Vegas, cited above.

---

resides in an incorporated city which is not the county seat for terms of 4 years.

3. At the general election in 1962 there shall be elected one person who resides at the county seat, one person who resides in an unincorporated area of the county and one person at large within the county for terms of 4 years.

4. Thereafter, at each general election, the office of the county commissioner shall be filled for terms of 4 years in the order in which the terms of office expire.

[3]The incumbent county commissioners have been joined as parties; the Attorney General has been notified of these proceedings.

The conclusions we reach through this effort, by the undertaking's very nature, may be subject to some doubt and debate; for such alternative intent may only be inferred, and of course is unclear. Still, in these circumstances, courts can only fill the legal interstices as best they are able.

3. One point, at least, is clear. Contrary to Bixler's contentions, it would certainly be inconsistent with discernible, valid legislative intent to declare that an election in a county of 100,- 000 or more should be governed by the provisions of either NRS 244.010 or NRS 244.011.[4] Quite intentionally, the Legislature removed larger counties from the purview of NRS 244.- 010 in 1960, by an Act general in form. See: Chapter 85, Stats. of 1960. Then, by a general act passed in 1973, adopting NRS 244.011, the Legislature again indicated that only the small counties were to be governed by that statute and by NRS 244.010. See: Chapter 274, Stats. of 1973.

---

[4]NRS 244.010 and NRS 244.011 appear in the Nevada Revised Statutes as follows:

244.010 Number of county commissioners in counties having less than 100,000 population. [Effective January 1, 1976, for purposes of 1976 elections, otherwise effective January 3, 1977.] Except as provided in NRS 244.011, 244.014 and 244A.040, each board of county commissioners of the several counties shall consist of three members; and not more than three county commissioners shall be elected or appointed to such office in any county.

244.011 Additional county commissioners in counties having less than 100,000 population.

1. In each county having a population of less than 100,000, as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce, the board of county commissioners may, by ordinance, provide that the board of county commissioners shall consist of five members. Upon enactment of such ordinance, the board of county commissioners shall submit the ordinance to the registered voters of the county at the next primary or general election. The voters at such election shall vote on the question, "Shall the board of county commissioners be increased to five members." If a majority of votes cast approve the question, the ordinance shall become effective upon certification of the vote by the county clerk, otherwise, the ordinance shall not become effective.

2. If such an ordinance is enacted, the two additional members shall be elected at the next general election. One member shall be elected to an initial 2-year term and the other member shall be elected to an initial 4-year term. The county clerk shall, on or before the 1st Monday in June of the year in which such election is to be held, designate which new position on the board will consist of a 2-year term and which will consist of a 4-year term. When the initial terms expire, subsequent terms for each new position will be for 4 years.

3. A board of county commissioners increased to five members pursuant to this section shall not be decreased except by action of the legislature.

4. Clearly also, we think, it would be improper to govern the election and tenure of commissioners, in large counties of 200,000 population or more, either by the provisions of NRS 244.013 and NRS 244.033, as the district court held should be done, or by NRS 244.014.[5]

In 1971, the Legislature expressly limited the purview of NRS 244.013 and NRS 244.033, to counties of less than 200,-000. To be sure, this amendment came as part of Chapter 649, 1971 Statutes of Nevada, which was the same Act that purported to adopt NRS 244.017. Thus, although the provisions simultaneously amending NRS 244.013 and NRS 244.033 appear acceptably general if considered by themselves, the district judge reasoned that they were not severable from the unconstitutional provisions of Chapter 649 because the Legislature would not have adopted them alone. Cf. County of Clark v. City of Las Vegas, cited above. Thus, the district judge reasoned further: (1) that a five rather than a seven commissioner board should exist in Clark County; and (2) that despite the present seven commissioner board's unlawful election and composition, Mr. Bixler may not run to replace any of its unlawfully seated members because, as the judge said, "neither of

---

[5]NRS 244.013 and NRS 244.033 are cited forth in footnote 2, above.
NRS 244.014 now appears as follows in the Nevada Revised Statutes:

244.014 Number, terms of county commissioners in counties having a population of 100,000 or more but less than 200,000; manner of election. [Effective January 1, 1976, for purposes of 1976 elections, otherwise effective January 3, 1977.] In each county having a population of 100,000 or more but less than 200,000 as determined by the last preceding national census of the Bureau of the Census of the United States Department of Commerce:

1. At the general election in 1976, and every 4 years thereafter, two county commissioners shall be elected respectively from two of the county commissioner election districts established pursuant to this section.

2. At the general election in 1978, and every 4 years thereafter, three county commissioners shall be elected respectively from three of the county commissioner election districts established pursuant to this section.

3. The board of county commissioners shall establish five county commissioner election districts which shall be as nearly equal in population as practicable. If the county comprises no partial assembly districts and a number of whole assembly districts that is evenly divisible by the number of county commissioners, each county commissioner election district shall be composed of a number of contiguous and undivided assembly districts equal to this quotient.
"Assembly district," as used in this subsection, means one of the districts, identified by number, established by NRS 218.080.

those two seats [up for election under NRS 244.013 and 244.-033] are at-large seats." We disapprove this reasoning.

In the first place, by virtue of another enactment passed in the 1975 Legislative session, NRS 244.013 and 244.033 will not govern elections in any county this year—not even elections in any counties numerically within their former express purview. By Chapter 467, 1975 Statutes of Nevada, a law suitably general in its terms, the Legislature declared the repeal of both NRS 244.013 and NRS 244.033, declaring that "this act shall become effective January 1, 1976, for the purpose of electing county commissioners at the general election in 1976." Moreover, the parties seemingly recognize that application of NRS 244.013 and 244.033 in Clark County would not satisfy the "one man, one vote" concept.[6] Thus, we think, the district court clearly erred in its conclusion that the election this year in Clark County should somehow be controlled by those statutes.

5. We believe that NRS 244.014 (a part of Chapter 467, 1975 Statutes of Nevada), which was a sufficiently general statute, constituted a proper legislative declaration in 1975 that five-member boards shall exist, and be elected, only in counties of less than 200,000 population. And while NRS 244.014 does not expressly state what number of commissioners should govern in counties of 200,000 and more, we are satisfied that the Legislature contemplated a larger board in larger counties, not a smaller one. In deliberative bodies, boards of odd rather than even numbers are usual, and seven is the odd integer next above five. Thus, for this and other reasons, quite aside from expressions in the unconstitutional 1971 Act, we find substantial reason to believe that the 1975 Legislature intended that

---

[6]In the district court, Mr. Bixler's counsel expressed his belief that the apportionment envisioned by NRS 244.013 and NRS 244.033 would result in "an unconstitutional disparity in apportionment." In their brief, the respondent commissioners express themselves to like effect, as follows:

"NRS 244.013 cannot constitutionally govern the composition of the Board of County Commissioners of Clark County for still another reason. The legislature, in adopting this section in 1960, must have relied upon the population figures generated by the 1950 decennial census in establishing the county commissioner districts provided for therein. To order an election based upon such districting plan would, of necessity, require the use of antiquated population data, a practice which was condemned by this court in *County of Clark v. City of Las Vegas, supra.* See also *Pagni v. Brown,* 88 Nev. 339, 497 P.2d 1364 (1972)."

the board of commissioners governing counties of 200,000 and over should be seven in number. Cf. Kelly v. Reed, 76 Nev. 389, 393–394, 355 P.2d 969, 971 (1960).

6. At such time as our decision in this case becomes final (either upon denial of rehearing, or upon expiration of the allowed time for petitioning for rehearing, which we hereby limit to and including July 7, 1976, at 12:00 noon), the de facto existence of the present board of commissioners will cease. Thereupon, the Governor of Nevada will be obligated to appoint seven qualified persons to serve as the county commissioners of Clark County, Nevada, until their successors can be elected at the coming general election, and qualify.

7. It appears to us that re-districting may not now be accomplished in time to permit the election to proceed in an orderly way. We regret that the parties did not place this dispute before us at an earlier time. Cf. Beebe v. Koontz, 72 Nev. 247, 302 P.2d 486 (1956). At-large elections being the only feasible way now legally available, appellant Stanton Colton is hereby directed to conduct at-large elections for all seven commissioner seats, such seats to be separately designated "A" through "G." "A" through "C" shall be for terms ending the first Monday in January, 1979, and "D" through "G" shall be for terms ending the first Monday in January, 1981.

Mr. Colton shall accept Mr. Bixler as a candidate for any one of such seats, upon Mr. Bixler's presentation of nomination papers and filing fee.

Upon remittitur, a writ of mandamus shall issue, in accord with this opinion.

Affirmed in part; reversed in part and remanded.

BATJER, ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.