CHLORIS GOODWIN, City Clerk of the City of Sparks, Appellant, *v.* THE CITY OF SPARKS, Respondent.

No. 9618

July 13, 1977                                    566 P.2d 415

[Rehearing denied August 17, 1977]

---

*Raggio, Walker & Wooster,* Reno, for Appellant.

*Paul W. Freitag,* City Attorney, Sparks, for Respondent.

# OPINION

*Per Curiam:*

In this appeal we must determine the constitutionality of Chapter 702, 1975 Statutes of Nevada, hereinafter referred to as "Revitalization and Redevelopment Law."

The Revitalization and Redevelopment Law was passed to specifically enable only the cities of Reno and Sparks to develop and finance certain public improvements. Section 29 of the Act allows the proceeds from the taxable property within a tax increment district to be segregated. As of the date of creation of the district, property tax assessments within the district are frozen for the purpose of allocating tax proceeds to the public entities entitled to those proceeds. The tax proceeds from increases in value of property within the tax increment district are to be segregated into a special tax increment account and used to repay municipal bonds sold to defray costs of the new public improvements within the district.

To implement the Act, the city council of Sparks passed Resolution No. 1194 which required appellant, as city clerk, to publish notice of hearings pertaining to the proposed tax

increment district. She refused to publish such notice, contending the Revitalization and Redevelopment Law is unconstitutional. The district court upheld the Act's constitutionality and issued a peremptory writ of mandamus ordering appellant to publish notice of public hearing. Since we conclude the Act to be special legislation, and therefore unconstitutional the district court's order is reversed.

The Nevada Constitution prohibits special and local legislation. The Revitalization and Redevelopment Law is applicable only to Reno and Sparks. It is, therefore, local legislation which operates over a particular locality instead of over the whole territory of the state and special legislation which pertains to a part of a class as opposed to all of a class. State *ex rel.* Clarke v. Irwin, 5 Nev. 111, 121 (1869).

Article 4, Section 21, of the Nevada Constitution provides: "In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the State." If a statute is special or local and does not come within one of the cases enumerated in Section 20, its constitutionality depends upon whether a general law can be made applicable. Washoe County Water Conservation District v. Beemer, 56 Nev. 104, 116, 45 P.2d 779 (1935).

In this particular case, a general law can be made applicable to the cities. The problems of the deterioration of downtown areas and the need for their improvement is not unique to Reno and Sparks. Nor are such conditions emergency circumstances requiring legislative interference by special legislation. *See* Quilici v. Strosnider, 34 Nev. 9, 115 P. 177 (1911). The Revitalization and Redevelopment Law permits the individual cities to determine what projects are needed to revitalize the community. Because the Act applies specifically to Reno and Sparks, it comes within the prohibition of Article 4, Section 21, and is void. County of Clark v. City of Las Vegas, 92 Nev. 323, 550 P.2d 779 (1976); McDonald v. Beemer, 67 Nev. 419, 220 P.2d 217 (1950).

Reversed.