TOWN OF PAHRUMP, an Unincorporated Town; PAHRUMP TOWN BOARD, Appellants, *v.* COUNTY OF NYE, A Legal Subdivision of the State of Nevada, Respondent.

No. 18951

May 18, 1989                              773 P.2d 1224

*Frank W. Daykin,* Carson City, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Respondents.

*Lionel Sawyer & Collins* and *Garry L. Hayes,* Las Vegas, for Amicus Curiae.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting a motion for summary judgment and declaring certain sections of 1985 Statutes of Nevada Chapter 682 unconstitutional. 1985 Statutes of Nevada Chapter 682 transfers powers of planning, zoning, land division and building inspection from respondent County of Nye to appellant, the unincorporated Town of Pahrump. The trial court found sections 3 and 4 of chapter 682 to be unconstitutional because they violate article 4, sections 20 and 25 of the Nevada Constitution. Article 4, section 20 of the Nevada Constitution prohibits the legislature from passing local or special laws which regulate county business. Article 4, section 25 of the Nevada Constitution requires that the legislature establish a system of county government which is uniform throughout Nevada. Pahrump appeals the trial court's ruling on the basis that the trial court misinterpreted and misapplied these provisions of the Nevada Constitution to chapter 682. We affirm the trial court's ruling.

We are not persuaded by Pahrump's argument that chapter 682 does not offend article 4, section 25 of the Nevada Constitution[1] because the powers of planning, zoning and building which the statute purports to transfer from Nye County to Pahrump are not "integral components" of a uniform system of government. This court has previously defined a "system of government," as used in the context of section 25, as consisting of "the powers, duties, and obligations placed upon [a] political organization." McDonald v. Beemer, 67 Nev. 419, 426, 220 P.2d 217, 221 (1959), *quoting* Singleton v. Eureka County, 22 Nev. 91, 35 P. 833 (1894). Since zoning and planning fall within the "powers, duties and obligations placed upon [a] political organization," they are precisely the type of activities that section 25 was intended to regulate. Because chapter 682 delegates these powers away from Nye County to the unincorporated Town of Pahrump in a unique manner, one not utilized by other counties, it destroys

[1]Article 4, section 25 of the Nevada Constitution provides that "[t]he legislature shall establish a system of County and Township government which shall be uniform throughout the State."

the uniformity of the system of government among the counties. The trial court, therefore, correctly ruled that chapter 682, sections 3 and 4 are violative of article 4, section 25 of Nevada's constitution.

Neither are we persuaded by Pahrump's argument that chapter 682 merely "affects" county business, but does not regulate it, and therefore does not violate article 4, section 20 of the Nevada Constitution.[2] The powers vested by the statute are broad and ongoing, and they substantially alter the power structure of the county. They do not relate only to a single item or project of county business, as do the statutes which we have previously held merely "affect" county business. *See* City of Reno v. County of Washoe, 94 Nev. 327, 580 P.2d 460 (1978); Cauble v. Beemer, 64 Nev. 77, 177 P.2d 677 (1947). Accordingly, the trial court properly determined that chapter 682, sections 3 and 4 offend article 4, section 20 of the Nevada Constitution.

Finally, we do not agree with Pahrump's assertion that Pahrump's location in relation to the county seat presents a compelling reason to allow a special law that is exempt from article 4, section 21 of the Nevada Constitution, which requires that wherever possible laws must be general and of uniform operation throughout the state. It appears from the legislative history that chapter 682 was originally presented as a general law; however, when various counties voiced concern and opposition to it, the bill was amended to limit its impact to Pahrump and Nye County. Only after the bill was so amended was passage attained.

As previously announced by this court, the reasoning behind requiring that a statute be general in nature is that when a statute affects the entire state, then it is more likely to receive adequate and thorough consideration from all members of the legislature; whereas, if the bill is localized, it is apt not to be considered seriously by those who are not affected by it. *See* State ex rel. Attorney General v. Boyd, 19 Nev. 43, 5 P. 735 (1885); City of Reno v. County of Washoe, 94 Nev. 327, 580 P.2d 460 (1978). The legislative history of chapter 682 indicates that its passage was predicated on the very events which section 21 was intended to prevent.

Furthermore, special legislation is not warranted in this situation. There are other constitutional avenues through which Pahrump may obtain its apparent goal of fast-paced growth without having to seek Nye County's approval. For instance, Pahrump may acquire control over its zoning, building and growth by becoming an incorporated town. By incorporating, Pahrump

---

[2]Article 4, section 20 of the Nevada Constitution requires, in pertinent part, that "[t]he legislature shall not pass local or special laws in any of the following enumerated cases. . . . Regulating county and township business."

would then take on the financial responsibility for utilizing its acquired powers and, thus, would be acting in uniformity with the arrangement between other incorporated cities and their respective counties. If incorporation is not a satisfactory alternative, then perhaps Pahrump can achieve its growth goals by seeking more active representation of its concerns by members of the Nye County Board of Commissioners.

We find no error in the trial court's ruling that 1985 Statutes of Nevada Chapter 682 is unconstitutional because it violates article 4, sections 20 and 25 of the Nevada Constitution. We, therefore, affirm the trial court's judgment in its entirety.